## C. M. HENDERSON & CO. v. N. STETTER, *et al.*

1. ATTACHMENT; *Levy Not Vitiated.* Where an action of attachment is brought in the name of a firm, and in the papers as originally filed the name of one of the partners is omitted, which omission is subsequently cured by amendment, the omission is not such a defect as vitiates the levy or can be taken advantage of by subsequent attaching creditors, or postpones the lien of the levy to that of such creditors.

2. AMENDMENT; *Practice.* The same rule obtains although no formal change of title is made in the affidavit or orders of attachment; and although the petition as thus amended is immediately refiled, the amendment will be understood as applying to the title wherever found, and the refiling of the petition was unnecessary and amounts to nothing.

### Error from Atchison District Court.

ACTION in attachment by *C. M. Henderson & Co.* against *N. Stetter.* Trial by the court at the June Term, 1882, when the court found as a conclusion of law that the attachment

lien of the plaintiffs upon certain funds was subsequent to the attachment liens of Carson, Pirie, Scott & Co., Wm. Ziock & Co., and Selz, Schwab & Co., and made an order accordingly. This order plaintiffs bring here.

*T. M. Pierce*, for plaintiffs in error.

*H. M. Jackson*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The only question in this case is one of priority between attaching creditors. The facts are these: An action in attachment was commenced in the name of " C. M. Henderson and Wm. Henderson, partners as C. M. Henderson & Co." The petition, affidavit and order of attachment were all thus entitled; and it is conceded that this attachment was prior to those of defendants in error. Afterward, by agreement of the defendant in the action in open court, the petition was amended by inserting the letter " S." in the name of Wm. Henderson, and adding the name of Edmund Burke, so that the title thenceforward read " C. M. Henderson, Wm. S. Henderson, and Edmund Burke, partners as C. M. Henderson & Co." The petition as thus amended was on the same day refiled. No change in the title of the plaintiff was made in the affidavit or order of attachment, and no new affidavit was made, or order of attachment issued. This amendment was made after the levy of the attachment of defendants in error. Did this amendment deprive plaintiffs in error of their priority? This is the only ground disclosed by the record; for while counsel for defendants in error speak of other matters, they are outside the record, and cannot be considered by us. Of course no allegation in the motion or answer of the defendant in the attachment action amounts to anything, as no ruling was ever made on the motion, and judgment was rendered against the defendant.

This question must be answered in the negative, and for these reasons: The amendment was one which ought to have

been made, and one which did not change substantially the cause of action. It was always, and always alleged as, a cause of action in favor of the firm of C. M. Henderson & Co. Whether that firm consisted of two or ten members did not make the cause of action any the more or any the less one in favor of the firm. The only difference between the original and the amended petition was, that in the former the constituent members of the plaintiff firm were not fully described. The defect was a mere irregularity, which was, as it ought to have been, cured by amendment, which worked no fraud upon subsequent attaching creditors, and could not be taken advantage of by them. It was too slight a matter to affect or postpone the lien secured by the priority of levy. (*Stout v. Folger*, 34 Iowa, 71; *Ward v. Howard*, 12 Ohio St. 158.)

The judgment of the district court will be reversed, and the case remanded with instructions to enter an order giving plaintiffs in error priority over defendants in error.

All the Justices concurring.