# WHEELING.

## HALE v. DONAHUE & Co.

Submitted January 29, 1885.—Decided March 21, 1885.

1. The grounds for the attachment are the conclusions of the law. The "material facts," which the statute requires the affiant to state, are the allegations, from which the court may be properly authorized to conclude, that the grounds exist. Consequently an affidavit, which states that a debtor did an act or acts, which of themselves are not necessarily fraudulent, with an intent to defraud his creditors without more is not sufficient. (p. 416.)

2. An affidavit, in which the material facts stated were held insufficient to sustain the grounds of the attachment. (p. 416)

The facts of the case appear in the opinion of the Court.

*W. E. Lively* for plaintiff in error.

*J. T. McGraw* for defendant in error.

JOHNSON, PRESIDENT:

In January, 1884, the plaintiff brought an action of *assumpsit* against the defendants in the circuit court of Taylor county, and sued out an attachment against the property of the defendants. On April 3, 1884, the defendants moved the court to quash the attachment, which motion was sustained by the court, and the attachment was quashed. To this judgment the plaintiff obtained a writ of error and *supersedeas*.

The material question to be decided is: Did the court err in quashing the attachment? It did not err, if as claimed

by the defendants the affidavit on which it was based is fatally defective.    The affidavit is here inserted:

" STATE OF WEST VIRGINIA, *Taylor County, to-wit:*

" Abraham C. Hale this day personally appeared before me in my office and county aforesaid, and made oath that M. Donahue & Co. are indebted to him in the sum of $1,016.92, (one thousand and sixteen dollars and ninety-two cents,) with interest thereon from the first day of September, 1883, until paid, for a bill of sawed lumber delivered to said M. Donahue & Co. at the depot of the Clarksburg, Weston and Glenville Railroad and Transportation Company, in the town of Weston, Lewis county, West Virginia, and that he is entitled to recover said amount of $1,016.92, with interest and costs in his action of trespass on the case in *assumpsit* at this time pending and undetermined in the circuit court of Taylor county, West Virginia ; and also that affiant believes the following grounds exist which enable him to obtain an attachment, to-wit: That M. Donahue & Co, are removing their lumber and property out of this State with intent to defraud their creditors. The affiant also states that the material facts acted on by him and which show the existence of the grounds upon which his application for an attachment is based, are as follows : That said M. Donahue & Co. contracted with affiant to purchase sawed lumber of him, and affiant was to deliver said lumber at the depot of the C. W. & G. R. R. & T. Co., in Weston, Lewis county, West Virginia, and the said M. Donahue & Co. promised to make weekly or even daily payments if affiant desired it. Said company did make some payments to affiant, and when they stopped paying, said affiant insisted that said company comply with their part of the contract, but instead of paying as promised, the said M. Donahue & Co. made fair promises and induced the affiant to continue to deliver lumber, assuring said affiant from time to time by letter and otherwise that they would pay up in full in a few days ; that Michael Donahue and James Donahue constitute the company of M. Donahue & Co. ; that affiant is informed and believes that the firm of M. Donahue & Co. is insolvent and unable to pay their debts, and that the lumber belonging to said firm, and at present lying at the depot of said C. W. & G. R. R. & T. Co., in the town of Weston, Lewis county,

West Virginia, is all the property the affiant can look to for his debt; that said M. Donahue & Co. are loading said lumber on cars at the depot of said railroad company at Weston, Lewis county, daily and shipping the same away out of this State without paying for the same, especially this affiant who sold said company a large portion of said lumber. Affiant is informed and believes that unless he can stop the shipment of said lumber, that said M. Donahue & Co. will have nothing left in this State out of which he can make or save his debt, interest and costs aforesaid."

It will be observed, that the material facts, upon which the application for an attachment is based, are not any stronger to show evidence of fraudulent intent than were those found in the affidavit in *Delaplaine & Co.* v. *Armstrong,* 21 W. Va. 211. In that case we held, that the acts set out in the affidavit of material facts were not necessarily fraudulent, and held, that the grounds for the attachment are the conclusions of the law ; that the "material facts, which the statute requires the affiant to state, are the allegations from which the court may be properly authorized to conclude, that the grounds exist. Consequently an affidavit, which states that the debtor did an act or acts, which of themselves are not necessarily fraudulent, with an intent to defraud creditors, without more is insufficient."

For the reasons given in the opinion in that case the affidavit here is fatally defective; and the court did not err in quashing the attachment. The other objections to the judgment it is not material to consider, as they depend upon the decision of the motion to quash. The judgment is affirmed with costs and damages.

AFFIRMED.