### R. J. COOK v. THE NEW YORK CORUNDUM COMPANY.

*Attachment—Insufficiency of Affidavit—Amendment—Appeal.*

1. The Court has power to permit amendment of an affidavit in attachment proceedings which was insufficient as failing to state how the debt arose, and from an order granting such amendment no appeal lies.

2. An amendment of an insufficient affidavit in attachment relates back to the beginning of the proceedings, and no rights based on such irregularity can be acquired by third parties by subsequent attachments intervening between the original affidavit and the amendment.

3. Parties who intervene in attachment proceedings cannot be heard to object to the irregularity of the same, that being a matter between the parties to the main action.

This was a MOTION to vacate a warrant of attachment, heard before *Armfield, J.,* at December Term, 1893, of SWAIN Superior Court, in an action pending in Jackson county.

The plaintiff, R. J. Cook, began his action against the defendant and filed his affidavit in attachment upon which a warrant was issued and levied upon certain real estate in Jackson county on the 7th of October, 1893. On the 13th of the same month Sheppard Homans began his action against the same defendant and upon affidavit had a warrant of attachment issued and levied upon the same property that had already been seized under the plaintiff's warrant of attachment. Subsequently the defendant and said Homans moved, under section 377 of *The Code,* to vacate the plaintiff's warrant upon the ground that the affidavit of plaintiff was insufficient in law to justify the issuing of the warrant. The plaintiff's counsel admitted the insufficiency of the affidavit in that it fails to state how the indebtedness arose and that it was due by note, and moved to be allowed to amend his proceeding by filing another affidavit. This motion was granted and the defendant's motion to vacate was denied, and thereupon the defendant and said Homans appealed.

*Messrs. J. H. Merrimon* and *G. H. Smathers,* for Homans (appellant).

No counsel *contra.*

MacRae, J.: As the plaintiff has admitted the first affidavit to have been insufficient it will not be necessary for us to examine it.

His Honor had full power to permit the amendment, as has often been held by this Court (*Sheldon* v. *Kivett,* 101 N. C., 408), and there was no right of appeal from the order allowing the amendment.

The appeal is from the refusal of his Honor to vacate the warrant of attachment. The Court having the power to allow the amendment, its only purpose could have been to

cure any irregularity which might have existed in the proceedings upon which the warrant of attachment was based. It could not be contended that the defect alleged was such as to render the attachment proceedings void. The power of amendment could not be exercised for the giving of life to that which was void, but it is in furtherance of justice for the curing of defects which might between the parties have invalidated the warrant, but which could not be attacked in a collateral proceeding. Such amendments, when made, have relation back to the beginning of the proceeding sought to be amended. This principle being so well understood, no rights can be acquired by third parties by reason of subsequent attachments based upon the irregularity in question.

The lien in this case of the first warrant had attached and had not been divested. A sale of the property under it and a proper conveyance would have passed the title. A refusal of his Honor to permit the amendment, if the affidavit were insufficient, would have been followed by an order vacating the attachment, and thereupon the second warrant and levy would have constituted the first lien. It is unnecessary to cite authorities to the effect that that which is simply irregular is not void. If there was a defect in the affidavit it was cured by the amendment, which his Honor had the right to permit. So the plaintiff's lien had attached when the proceedings were begun by Homans, the second attaching creditor, and no rights acquired by the issue or levy of the second warrant have affected it. No vested rights had been acquired by the creditor Homans by reason of his levy which have been divested by the amendment of plaintiff's affidavit.

Third parties are permitted to intervene not to defend the main action between plaintiff and defendant, but to assert their superior title to the property in controversy.

They could not be heard to object to the irregularity of the attachment proceedings, that being a matter between the parties to the main action.  *Blair* v. *Puryear*, 87 N. C., 101.

                                                                Affirmed.