## FIRST NATIONAL BANK v. TARBORO COTTON FACTORY.

### (Filed 18 February, 1920.)

**Attachment—Affidavit—Intent to Defraud—Grounds for Belief—Courts.**

The affidavit upon which a warrant of attachment has been issued is fatally defective which alleges that the defendant is about to assign, dispose of and secrete the money or goods with intent to defraud creditors without setting forth the grounds upon which this belief is based so as to enable the Court to adjudge of their sufficiency.

MOTION to vacate attachment, heard before *Connor, J.,* at December Term, 1919, of EDGECOMBE.

The attachment was vacated, and the plaintiff appealed.

*John L. Bridgers and Henry C. Bourne for plaintiff.*
*Don Gilliam and Henry Staton for defendant.*

BROWN, J. On 8 November, 1919, upon affidavit of the plaintiff, the clerk of Superior Court issued a warrant of attachment, attaching a certain sum of money, then in the hands of the sheriff, belonging to the defendant. At the same time summons was issued and complaint filed, stating a cause of action, and both summons and copy of complaint, together with warrant of attachment, were duly and properly served on the defendant. Motion was made by defendant to vacate the attachment, and petition and affidavit by defendant were filed, and answer to petition and affidavit were duly filed by plaintiff, and on hearing the motion to vacate before his Honor, Judge Connor, it was adjudged that the plaintiff had not alleged sufficient facts to sustain the warrant of attachment, and the same was vacated, from which judgment plaintiff excepted and appealed.

The precedents seem to hold that the affidavit upon which the warrant of attachment was issued is insufficient. It alleges that the defendant is about to assign, dispose of, and secrete the sum of money in the sheriff's hands with intent to defraud its creditors, but it fails to set forth the grounds upon which this belief is based. This omission is fatal. *Hughes v. Person,* 63 N. C., 548; *Judd v. Mining Co.,* 120 N. C., 399; *Wood v. Harrell,* 74 N. C., 338; *Peebles v. Foot,* 83 N. C., 102. These cases all hold that the mere assertion of a belief that the defendant is about to assign or dispose of its property with intent to defraud the plaintiff is insufficient, but that the grounds upon which such belief is founded must be set out in order that the court may adjudge if they are sufficient. The same rule holds in applications for the appointment of receivers. *Hanna v. Hanna,* 89 N. C., 68. We do not think that the defective affidavit of the plaintiff is aided by the answer of the defendant.

It is possible the plaintiff may have mistaken its remedy. It appears that the Tarboro Cotton Factory is an insolvent corporation; that its property, with the exception of a small piece of land, was sold under a deed of trust, and that the plaintiff was one of the bondholders and received its share of the proceeds of sale. The tract of land was sold under execution against the defendant, and, after satisfying the debt, a certain sum remained in the hands of the sheriff, which was attached in this cause by the plaintiff for the purposes of satisfying the balance due upon his bond. It is possible that the plaintiff's remedy, which may be done in this cause, is to apply for a receiver for the assets of the insolvent corporation, to the end that they may be applied equitably to the debts of the corporation. *Wood v. Staton,* 174 N. C., 246.

The order vacating the attachment is
Affirmed.