# CHARLESTON.

## W. G. MORRIS v. R. E. RISK.

Submitted March 9, 1920.   Decided March 16, 1920.

1.  VENDOR AND PURCHASER—*Writing Construed as Offer Binding on Acceptance Within Time Stated and Before Withdrawal.*

    A writing signed by defendant and delivered to plaintiff, giving him the "exclusive right to purchase or sell," for the period of thirty days, four city lots, describing them and stating the price of each lot and the terms of sale, and allowing plaintiff a commission of $200.00 on each of two of the lots on which are located dwelling houses, even though not binding as an option, for want of consideration, is nevertheless a written offer which becomes binding on defendant as a contract of sale on notice of acceptance thereof within the time and before withdrawal thereof.   (p. 31.)

2.  SAME—*Acceptance of Offer to Sell Need not be in Writing.*

    Acceptance of such offer need not be in writing in order to convert it into a contract binding on the proponent.   (p. 31).

3.  SAME—*Acceptance of Written Offer to Sell Held Accomplished by Notifying Owner.*

    Under such writing the agent has a right to purchase any or all the lots, and may bind his principal by notifying him,

within the time specified and before withdrawal of the offer, that he elects to purchase all the lots at the aggregate price stipulated, less his commission, and pay therefor either in cash or according to the terms of the offer.  (p. 31.)

4.  SAME—*Agreement to "Make Title Perfect and Warrant General" Imports Title Clear of Incumbrances With General Warranty.*

An agreement "to make title perfect and warrant general", properly construed, is an agreement to convey the property clear of encumbrances and warrant generally the title thereto. (p. 31.)

5.  APPEAL AND ERROR—*Where Plaintiff Was Entitled to Verdict Rendered Error in Instructions Are Not Prejudicial.*

Where the uncontroverted evidence shows that plaintiff is entitled to a verdict for at least the amount the jury has found in his favor, this court will not review the instructions to ascertain whether the trial court committed error in respect thereto, for such error, if any, could not have prejudiced defendant.  (p. 31.)

Error to Circuit Court, Kanawha County.

Action of assumpsit by W. G. Morris against R. E. Risk. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*F. C. Pifer* and *Morton & Mohler,* for plaintiff in error.
*A. M. Belcher* and *Ben Moore,* for defendant in error.

WILLIAMS, PRESIDENT:

In this action of assumpsit to recover damages for the alleged breach of a contract for the purchase of four town lots in the city of Charleston plaintiff recovered a judgment for $700.00 and the defendant has brought the case here on writ of error.

On the 16th of April, 1917, the defendant signed and delivered to plaintiff the following writing:

"For and in consideration of One Dollar, the receipt whereof is hereby acknowledged, W. G. Morris is hereby given the exclusive right to purchase or sell the following property, at prices and terms below specified, less a commission of $200.00 on each house.  This agreement to be in force for a period of 30 days from above date,

"I agree to make title perfect and warrant general.

"Description and location: No. 216 Brick House, 10 Room, slate roof hardwood finish dwelling 40x130 on Truslow St. East side, $4 250.00. No. 218 Truslow frame, basement in both slate roof 10 room house. 2 toilets in each house, 40x130 $3,900.00 rent for $34.00.

"Price and terms: $8000.00 1-3 cash, bal. 1 & 2 yrs.

"2 Lots 40x130 ft. each beside of frame house, being 80 ft. at $1200.00 each, or $2400.00.

"Signed

R. E. RISK.

"Address

"Richwood, W. Va.                                    $10,400.00."

Within the 30 days plaintiff notified defendant he would purchase the two lots on which were located the dwelling houses, at the price of $7,600.00 and would pay cash, and defendant refused to execute a deed therefor, claiming he was not bound to sell any lot unless all four of the lots were sold. Plaintiff then informed defendant he would take all four of the lots at $10,030.00, and would pay 1-3 cash, and the balance as called for in the written option or offer, as soon as a deed therefor was executed. In the meantime plaintiff had contracted to sell the two houses, one at the price of $4,000.00 to his brother W. H. Morris, and the other to L. H. Harrison at the price of $5,000.00. While there is a great deal of conflict in the testimony, defendant does not deny that plaintiff offered to take the two houses at the price of $7,600.00, or all four of the lots at $10,030.00. Defendant refused to execute a deed, because the form thereof which plaintiff had had prepared was not satisfactory, and he declined to make a deed either for the two houses and lots, or for all four of the lots, and hence this suit to recover damages for the breach of contract. It will be noted that the writing above quoted gave plaintiff the exclusive right either to purchase or sell the lots at prices and on terms stated as to each lot, less a commission of $200.00 on the sale of each house, but no commission was provided for in case of the purchase or sale of the vacant lots. It is proven that plaintiff first notified defendant he had sold the two houses, and the contention is made that, having elected to sell, he could not thereafter exercise the option to buy. That depends upon a proper construction of the

so-called option. But first, it is insisted that because no consideration was paid for the option, it was not binding on defendant. But whether it was binding as an option, or unilateral contract, is not material. It was at least a written offer by the owner to sell at a designated price and on certain terms, and, not having been withdrawn, became a binding contract, enforcible against the vendor, when he was notified of the acceptance thereof by the plaintiff within the time allowed. A written acceptance was not necessary. 6 R. C. L. p. 605. Under the so-called option plaintiff had a right to buy or sell any one or all of the lots, or the right to buy some of them and sell the others, at the price and on the terms stated therein, provided he did so and notified defendant thereof before the offer was withdrawn, or before the time expired. Upon such notice it became a contract binding on defendant and it was his duty to execute a deed for the lot or lots, with covenants of general warranty of title and against encumbrances. This is what the following terms of the writing, "I agree to make title perfect and warrant general," really mean. It was immaterial to defendant whether plaintiff bought the lots himself, or sold them to others. Defendant had fixed the price and terms and plaintiff's compensation, and plaintiff having elected to purchase, he had a right to deduct his compensation, or "commission" as it is called in the writing, from the price which he should pay. Hence his offer to pay defendant $10,030.00 for the four lots was an acceptance of defendant's written offer according to its terms, for he had a right to deduct his compensation from the price of the whole, which was $10,400, including his commissions.

The price and terms being fixed by defendant, plaintiff had no discretion as agent and it was, therefore, no breach of his duty as such to sell the lots at a greater price than defendant asked for them, even before he had accepted the offer. All defendant had a right to insist on was the price he had agreed to take. He could not object to receiving all the money in cash, for the option does not provide for interest on the deferred payments and, presumably, they were not to bear interest. Therefore, the cash offer was even better for defendant than if made according to the terms of the writing. No tender of the money was made, but an actual tender was not necessary to bind defendant. The

acceptance of his written offer bound him. He did not demand the money, but refused to execute a deed for other and insufficient reasons.

The evidence shows that the jury were justified in assessing the amount of damages which they found, and could very properly have found more, but neither party complains of the amount of damages. Although plaintiff moved to set aside the verdict for insufficiency in amount, he later withdrew the motion.

In view of the undisputed facts showing plaintiff's right to recover, the court very properly could have directed a verdict for him. It is, therefore, unnecessary to consider the alleged errors relating to the giving of certain instructions for plaintiff and the refusal to give certain others for defendant, for such errors, if any were committed, could not have prejudiced defendant.

We find no prejudicial error and, therefore, affirm the judgment.

*Affirmed.*