FIRST NATIONAL BANK OF TARBORO v. TARBORO COTTON
FACTORY ET AL.

(Filed 6 October, 1920.)

**Attachment—Insolvent Corporations—Evidence—Fraud.**

Allegations in affidavits for attachment against an insolvent corpora-
tion's property, that executions had been issued against it, and that it
had failed to make use of a small piece of its land, and not paid the taxes
thereon ; or that its president claimed this land, or its proceeds is insuffi-
cient upon the question of fraud of the corporation, for the granting of
the warrant.

PETITION to rehear.

*John L. Bridgers and Henry C. Bridgers for plaintiff.*
*Don Gilliam and Henry Staton for defendant.*

BROWN, J. This case is reported 179 N. C., 203. The petitioner
does not deny the correctness of the propositions of law stated in the
opinion, but claims that we overlooked the supplemental affidavit pre-
sented to the judge at the time when the attachment was dissolved.
We considered the entire record, and have again examined the same,
and are of opinion that neither the original affidavit upon which the
attachment was issued nor the supplemental petition or affidavit used
on the hearing before Judge Connor are sufficient to sustain the warrant.

of attachment. The ground upon which the attachment was originally issued was that the defendant was about to assign, dispose of, and secrete its property with the intent to defraud creditors. The plaintiff failed to set out the grounds upon which this belief was based so as to enable the Court to pass upon their sufficiency. We find nothing in the supplemental petition which induces us to revise our opinion. In this further answer, or petition, the plaintiff sets out four alleged facts as grounds for its assertion that the defendant is about to assign, dispose of, and secrete its property:

(1) That the defendant has made no effort to pay the debt sued on. (2) That execution was issued on certain judgments against the defendant. These certainly do not tend to prove any fraudulent transfer of property. (3) That the plaintiff has failed to make use of a small piece of land belonging to it, and failed to list the same for taxation. The record shows that the defendant had ceased to do business for more than two years before this action was brought, after all of its assets except this small piece of land were sold under deed of trust. The fact that the insolvent corporation made no use of this little piece of land and failed to pay taxes on it is no evidence of fraud. (4) It is contended that the defendant, L. L. Staton, president of the defendant corporation, stated that the proceeds attached belonged to him, and that he intended to have them for his own use. This statement of Dr. Staton amounts to nothing so far as the defendant corporation is concerned. It is a mere expression of opinion as to whom the fund belongs, and is no evidence of any fraudulent disposition of property upon the part of the defendant.

Petition dismissed.