# CHARLESTON.

## J. E. CROWLEY v. EVA T. C. VAUGHAN.

Submitted March 8, 1921.   Decided March 15, 1921.

1. VENDOR AND PURCHASER—*Burden of Proving Verbal Withdrawal of Written Offer of Sale Before Acceptance is Upon Party Asserting it.*

   The burden of proof of a verbal withdrawal of a written offer of sale of real estate, before acceptance thereof, rests upon the party asserting it.   (p. 224).

2. APPEAL AND ERROR—*Finding on Conflicting Oral Evidence of Parties Alone Will Not Be Disturbed Where Credibility Not Impaired.*

   A finding against such a withdrawal, upon the conflicting oral evidence of the parties to the transaction, in the absence of any proved or admitted circumstance impairing the credibility of either of them or creating a preponderance of evidence in favor of either, will not be disturbed by the appellate court.   (p. 225).

3. VENDOR AND PURCHASER—*Unconditional Verbal Acceptance of Written Offer of Sale Before Withdrawal Converts it Into a Contract of Sale.*

   A verbal notification of unconditional acceptance of such an offer, before withdrawal thereof, converts it into a contract of sale.   (p. 225).

4. SAME—*Verbal Acceptance of Written Offer to Sell, Not Requiring Payment of Money, Held Converted Into a Contract.*

   If such an offer or option does not in terms or by necessary implication require payment of money as a condition or element of acceptance thereof, such notice without any payment converts it into a contract.   (p. 225).

5. FRAUDS, STATUTE OF—*Vendor and Purchaser—Neither Consideration Nor Mutuality Lacking in Contract Created by Verbal Acceptance of Written Offer.*

   Neither consideration nor mutuality is lacking in a contract so effected.   (p. 226).

Appeal from Circuit Court, Kanawha County.

Suit by J. E. Crowley against Eva T. C. Vaughan.   Decree for complainant, and defendant appeals.

*Affirmed.*

88 W. Va.

*Surber & Edwards* and *J. E. Springston,* for appellant.

*S. L. Flournoy* and *Murray Briggs,* for appellee.

POFFENBARGER, JUDGE:

Correctness of this decree enforcing specific performance of an alleged contract of sale of a city lot is challenged on the grounds of invalidity of the contract, by reason of lack of consideration, making it a mere offer of sale, and proof of withdrawal of such offer before acceptance thereof.

On the latter issue, the trial court has found against the appellant, upon evidence so conflicting and evenly balanced as to preclude disturbance thereof. As to the alleged withdrawal of the offer, there are just two witnesses, the appellant and the appellee, the former asserting it and the latter denying it emphatically. No fact or circumstance has been disclosed that can be regarded as having any weight or bearing against the credibility of either of them. The offer was made, wherefore the burden of proof of withdrawal necessarily rested upon the appellant, and the trial court did not see any reason why her word should prevail over that of the appellee. Nor do we.

Mrs. Vaughan gave Miss Crowley a written and sealed option of purchase, dated May 1, 1919, and reciting a consideration of one dollar. The time limit fixed by it was sixty days. On the 26th day of June, 1919, Miss Crowley, who was a real estate agent or broker, swears she accepted the option by telephone and requested Mrs. Vaughan to execute a deed for the lot to her. As to what was said over the telephone, they differ, the appellee saying she requested a deed to herself, and the appellant that she said she had an offer on the lot. They agree that Mrs. Vaughan declined to sell it. There is evidence tending to prove that Miss Crowley had either contracted a resale of the property or had a purchaser in view, at the date of her demand. Within an hour after the telephone conversation, attended by a witness, she appeared and tendered a cashier's check of $834.00 and her two notes for $833.00 each, making $2,500.00, the price stipulated in the offer, and

demanded execution and delivery of a deed to herself for the lot.

The vigor with which she asserted her demand after the telephone conversation is a circumstance tending to corroborate her testimony to the effect that she had accepted the offer. Her admitted notification by telephone, that she had an offer for the lot or an opportunity to sell it, and had "promised the man," tends in the same direction. It could have meant nothing more nor less than notification of an acceptance and a desire to have the deed executed. And, as stated, the appellee's formal demand and tender, made within an hour afterward, has a strong tendency to prove what she meant and intended by the telephone conversation. Moreover, if there was no acceptance or demand, there was no reason for appellant's notification of her refusal to sell. It came in response to what the appellee had said.

As the option was made assignable by a provision binding the appellant to deliver to the appellee an apt and proper deed conveying the lot to her or to any one she might direct, it is immaterial whether she demanded a deed to herself or to her prospective purchaser. *Rease* v. *Kittle,* 56 W. Va. 269.

Having concluded that the trial court's finding of an acceptance of the offer, before withdrawal thereof, cannot be disturbed, it is necessary to inquire whether lack of consideration for the option, if any, precludes the existence of a contract and right of enforcement. If there had been consideration, the option would have been irrevocable within the prescribed period of sixty days. *Rease* v. *Kittle,* cited; *Pollock* v. *Brookover,* 60 W. Va. 75. If there was none, the offer was revocable at any time before acceptance and notice thereof, but not afterward. *Morris* v. *Risk,* 86 W. Va. 30, 102 S. E. 725; *Weaver* v. *Burr,* 31 W. Va. 812. Being informal and amounting to a demand for a conveyance of the property, without mention of any conditions or request for modifications, the acceptance must be regarded as having been unconditional. That would be the ordinary and common sense interpretation of such a demand.

Nothing in the option required payment of money to con-

vert it into a contract. In other words, it did not say there should be no contract, unless nor until a certain sum should have been paid, nor that a certain sum must be paid by way of acceptance. Impliedly, it gave the optionee right to elect and thus make it a contract, and then required consummation by payment within the sixty day period. As to what should constitute acceptance, it is open and liberal. Hence, acceptance did not include payment, and failure to accompany the demand for a deed with a tender of the purchase money was not an attempt to modify the offer, or effect a partial or conditional acceptance. Unless otherwise provided, payment is performance following the making of the contract.

After acceptance, there were both consideration and mutuality. There was a promise for a promise, and each was consideration for the other. Unenforcibility of the contract at the instance of the vendor, by reason of the statute of frauds, if so unenforcible, did not preclude the element of mutuality. That statute does not forbid the making of verbal contracts for the sale of land. Such a contract possessing all the requisite elements, including mutuality, exists though it may not be so made in writing as to bind both parties, beyond escape. The statute is only a means of avoidance of performance. Though the contract is not signed by the vendee, there is mutuality within the meaning of the law. *Monongah C. & C. Co.* v. *Fleming*, 42 W. Va. 528, 841; *Capehart* v. *Hale*, 6 W. Va. 547.

The tender of payment was not declined on account of its character. The vendor declined to comply with her contract. She rejected the check, because she did not intend to accept anything nor to convey the lot, not because she preferred money. In such case, an actual tender in any form is not necessary. *Thompson* v. *Lyon*, 40 W. Va. 87; *Barnes* v. *Morrison*, 97 Va. 372.

This opinion is not to be taken as having conceded lack of consideration in the option, by reason of proof of non-payment of the one dollar therein recited. The seal may preclude denial thereof by estoppel or by force of law or under

the rules of evidence. Foregoing inquiry as to that question, we have disposed of the cause upon the hypothesis of lack of such consideration, not lack of consideration in the contract effected by acceptance, without having decided against its existence.

Perceiving no error in the decree complained of, we will affirm it.

*Affirmed.*