T. G. THORNBURG v. MRS. NANNIE BURTON.

(Filed 8 May, 1929.)

**Attachment C b—Court may allow amendment to affidavit of attachment or allow evidence at hearing having same effect.**

An affidavit on attachment defective in failing to set forth the facts as to defendant's being about to leave the State, etc., may be amended by permission of court, and where the court has found with plaintiff upon conflicting oral evidence, his findings has the effect of an amendment allowed by him. C. S., 799.

APPEAL by defendant from order of *Harding, J.,* at November Term, 1928, of MECKLENBURG. Affirmed.

This was a motion by defendant that an attachment levied upon her personal property under a warrant issued in this action be vacated and that the warrant be dismissed.

From an order denying her motion, defendant appealed to the Supreme Court.

*T. L. Kirkpatrick and B. G. Watkins for plaintiff.*
*G. T. Carswell and Joe W. Erwin for defendant.*

7—197

THORNBURG *v.* BURTON.

PER CURIAM. It is conceded that the affidavit on which the warrant of attachment was issued is insufficient, for that the grounds for plaintiff's assertion therein that defendant was about to dispose of her property and that she was about to leave the State, with intent to defraud her creditors, are not set out in the affidavit. C. S., 799. In *First National Bank v. Tarboro Cotton Factory,* 179 N. C., 203, 102 S. E., 195, it is said that the mere assertion of a belief that a defendant is about to assign or dispose of his property with intent to defraud his creditors is insufficient; the grounds upon which such belief is founded must be set out in order that the court may adjudge if they are sufficient. In that case, it was further said that the defective affidavit was not aided by the answer of the defendant.

In the instant case, the warrant was issued and the attachment levied on defendant's property on 23 November, 1927. Her motion that the attachment be vacated and dismissed was heard on the following day. At the hearing the defendant offered evidence in support of her motion; plaintiff offered evidence to sustain the warrant of attachment. The judge found from the evidence that there was reasonable ground for the attachment, and thereupon denied the motion. Defendant excepted to the signing of the judgment or order. This exception cannot be sustained.

In *Sheldon v. Kivett,* 110 N. C., 408, 14 S. E., 970, it is said to be well settled that an affidavit upon which a warrant of attachment has been issued, although wholly insufficient, may be amended by leave of court. The power to amend is recognized as in furtherance of justice. The amendment, when made, relates back to the beginning of the proceeding and may supply the facts omitted from the affidavit. *Cook v. Mining Co.,* 114 N. C., 617, 19 S. E., 664.

The order and judgment in the instant case is in effect an amendment of the affidavit. The court found from evidence offered by defendant as well as by the plaintiff that there was reasonable ground for the assertions in the affidavit and thereupon refused to vacate the attachment and dismiss the warrant. *Clark v. Clark,* 64 N. C., 150. In the cited case, defendant filed an affidavit in support of his motion that the attachment levied under a warrant issued upon an insufficient affidavit be vacated; in reply to defendant's affidavit, plaintiff filed a second affidavit which was sufficient. In the instant case, defendant instead of filing an affidavit, offered oral evidence in support of her motion; from this evidence, as well as from evidence offered by plaintiff, the court found facts which justified the issuance of the warrant. In principle, there is no distinction between *Clark v. Clark* and the instant case. In both cases the court found from evidence that the assertions in the affidavit were based upon facts which were adjudged

sufficient to support the issuance of the warrant under which the attachment was levied. It is immaterial that in the instant case the evidence was the testimony of witnesses, rather than affidavits.

The order of the court in this case is sustained by the decision in *Clark v. Clark,* and is

Affirmed.