STEPHENS HOWARD COMPANY v. LOUIS BAER, TRADING AS BAER DRY GOODS COMPANY; FIRE ASSOCIATION OF PHILADELPHIA AND INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, GARNISHEES.

(Filed 19 October, 1932.)

**Attachments C b—Affidavit for attachment against resident defendant must show grounds for belief that property is about to be assigned, etc.**

In order to be a valid attachment against a resident defendant it is necessary for the plaintiff to show by his affidavit the facts from which he draws his conclusion that the defendant is about to assign, dispose of, or secrete his property, and where the affidavit does not so show it is fatally defective.

CIVIL ACTION, before *Grady, J.,* at Chambers, in Smithfield.

Summons was issued 14 August, 1932, and an affidavit and petition for warrant of attachment filed by the plaintiff. The affidavit declared that the defendant Baer was indebted to the plaintiff in the sum of $2,037.50 on rent account, and that the building and mercantile stock of defendant therein were destroyed by fire on 7 May, 1932. It was also averred in the affidavit that the defendant had collected all of his insurance with the exception of insurance due by the garnishees, but that the defendant Baer informed the plaintiff "that he had written checks distributing practically all of his collections from insurance companies to his other creditors, and that he cannot and will not pay the plaintiff its account as promised," and "that the plaintiff has reason to believe, and does believe from the conduct and statement of the defendant Baer, as hereinbefore set forth, that he is about to dispose of all his liquid assets and get the same beyond the reach of this plaintiff so as to prevent the plaintiff from collecting its debt." It was further alleged in the affidavit that the insurance companies, garnishees, had in their possession approximately $5,000 for the defendant, and that the defendant was insolvent.

Upon the foregoing affidavit a warrant of attachment was issued on 13 August, 1932, and notice of levy given to the insurance companies. The defendant Baer filed an answer to the affidavit and warrant of attachment, admitting that he was indebted to the plaintiff in the sum of $812.50, but denying that he was insolvent or that he had attempted to put his property beyond the jurisdiction of the court and prayed that the attachment be vacated and dissolved. Upon said motion to dissolve and vacate the attachment, the trial judge was of the opinion that the complaint and affidavit was not "as full and clear as the law contemplates, but the court holds that it is sufficient to support the issuance of the warrant of attachment and the plaintiff, if it so desires, may amend its allegations in that respect so as to comply fully with the law as to attachments."

The defendant excepted to the judgment and thereafter the plaintiff amended the affidavit and petition for warrant of attachment as follows: "That the defendant, Louis Baer, . . . although receiving about $20,000 on account of fire insurance out of which he promised the plaintiff to pay his indebtedness . . . has, according to his own declaration, disposed of all of said funds with the exception of that represented by the insurance indebtedness attached in this proceeding, and has threatened to distribute practically all of said funds without paying the plaintiff his indebtedness. . . . The defendant, Louis Baer, has thus

assigned, disposed of, or secreted, and is about to assign, dispose of or secrete all of his tangible property and visible property with intent to defraud his creditors, and especially the plaintiff."

*Clifford & Williams for plaintiff.*
*Young & Young for defendant.*

BROGDEN, J. The only question of law presented by the appeal is whether the affidavit and complaint are sufficient to justify the issuance of the warrant of attachment against the defendant, who is a resident of this State.

There are two decisions of this Court directly in point: The first is *Judd v. Mining Co.,* 120 N. C., 398, 27 S. E., 81, and the other is *Bank v. Cotton Factory,* 179 N. C., 203, 102 S. E., 195. A petition to rehear the case was denied in *Bank v. Cotton Factory,* 180 N. C., 128, 104 S. E., 129. The opinion in the original case asserts: "The precedents seem to hold that the affidavit upon which the warrant of attachment was issued is insufficient. It alleges that the defendant is about to assign, dispose of, and secrete the sum of money in the sheriff's hands with intent to defraud its creditors, but it fails to set forth the grounds upon which this belief is based. This omission is fatal." The original record in the case discloses that the pertinent part of the affidavit was in the following language: "And that the said defendant is about to receive and dispose of, and assign and secrete the said sum of money with intent to defraud its creditors." The affidavits in the *Bank case, supra,* and the *Judd case, supra,* are almost in the identical language of the affidavit in the case at bar, and the foregoing opinions of the Court are decisive of the present controversy.

The fact that a resident creditor has written or is about to write checks to pay a portion of his indebtedness, and at the same time refuses to pay other creditors, does not constitute secreting, assigning or disposing of his property with intent to defraud his creditors.

Affirmed.