C. E. RUSHING v. H. LEE ASHCRAFT.

(Filed 19 May, 1937.)

**1. Attachment § 18—**

The filing of undertaking by defendant does not preclude him from traversing the ground upon which the attachment was based, and the issue may be determined before trial on the merits or, if demanded, with the trial of the main issue between the parties. C. S., 815.

**2. Pleadings § 22—**

Process may be amended to justify the original service or to validate previous action taken only when rights of third persons have not intervened.

**3. Attachment § 24—**

Where the ground of attachment as originally laid is not supported by evidence at the trial, but the original process is amended to allege another ground supported by evidence, the surety on the undertaking is relieved of liability since his obligation was entered into with reference to the cause as it stood at the time of his signature.

APPEAL by defendant from *Warlick, J.,* at February Term, 1937, of UNION. Modified and affirmed.

Action on a promissory note for $570.00. Plea, failure of consideration.

Summons was personally served on defendant 25 December, 1935, in Union County, and at the same time as ancillary thereto warrant of attachment was issued and served on defendant and attachment levied on an automobile then present. On same day undertaking for release of the automobile from attachment was executed by defendant with one Townley R. Stevens as surety in sum of $1,200 and automobile released. The basis for the warrant of attachment was stated in the affidavit, at the time it was issued, to be "that the defendant conceals and secretes his property from plaintiff with intent to cheat and defraud the plaintiff of his rights." Complaint was filed 7 January, 1936, and answer filed 6 February, 1936, wherein, among other defenses, defendant denied that he concealed or secreted his property from plaintiff with intent to cheat

and defraud the plaintiff of his rights, and demanded a jury trial on that allegation, and asked that the undertaking in attachment be canceled.

At the trial plaintiff moved to amend the original affidavit in the attachment by the averment that "the defendant is a nonresident of the State of North Carolina and resides in the State of South Carolina." This motion, over the objection of defendant, was allowed in the discretion of the court, and defendant excepted. Upon issues submitted to the jury, there was verdict for the plaintiff for the amount of the note and interest. There was no evidence that defendant had concealed or secreted his property with intent to defraud. It was admitted that defendant was at all times and still is a resident of the State of South Carolina.

The court rendered judgment for plaintiff on the verdict, and further found from the admissions and testimony that defendant was at time of issuance of summons and attachment, and still continued to be, a nonresident of the State of North Carolina, and thereupon denied defendant's motion to cancel defendant's undertaking, and adjudged that the attachment proceedings were valid and legal. Defendant appealed.

*Sikes & Richardson for plaintiff, appellee.*
*E. E. Collins and A. M. Stack for defendant, appellant.*

DEVIN, J. Here the plaintiff invoked the aid of the provisional remedy of attachment as ancillary to his action, and the primary question presented by the appeal relates to the validity of the defendant's undertaking therein. C. S., 815.

It was held in a well reasoned opinion by *Clarkson, J.,* in *Bizzell v. Mitchell,* 195 N. C., 484, that by giving a bond or undertaking the defendant in attachment is not estopped to traverse the ground on which the warrant was based. And it was also decided in that case that when defendant has given bond the truth of the facts alleged in the affidavit to procure the warrant may be determined before the trial on the merits, or, if demanded, may be tried with the main issue at the time of the trial, and that separate issues, if supported by evidence, may properly be submitted. McIntosh, sec. 812 (3). In the case at bar the allegation of fraudulent concealment of defendant's property, contained in the original affidavit, was unsupported by any evidence. The basis for issuing the writ, therefore, failed. Upon the trial the alleged ground for attachment was disproved. However, the court below in its discretion permitted the plaintiff to amend the affidavit to allege the nonresidence of defendant, and thus insert as an amendment an admittedly valid basis for attachment of defendant's property. The effect of the amendment allowed, as it relates to the undertaking and the surety, is one of the principal questions here presented for decision.

RUSHING v. ASHCRAFT.

The power of the court to amend process and pleading, both by statute and under the decisions of this Court, is ample. Indeed, to *Chief Justice Pearson* it seemed that the statute allowed amendments on a scale so liberal that it might well be said "anything may be amended at any time." *Garrett v. Trotter,* 65 N. C., 430; *Hicks v. Nivens,* 210 N. C., 44. This principle has been upheld by this Court in many authoritative cases, in the administration of justice, in order that the right of all the parties might be preserved. *Sheldon v. Kivett,* 110 N. C., 408; *Thornburg v. Burton,* 197 N. C., 193. In order that the defendant might be brought into court to answer the plaintiff's suit, that the defendant's property be held to await the determination of the litigated questions, irregularities have been frequently disregarded and amendments liberally allowed between the parties.

But amendment may not be permitted where the rights of third persons are injuriously affected. And where the surety on defendant's undertaking has executed a bond in a substantial sum, in accordance with the statute, to discharge the lien on property which has been attached by virtue of a warrant based solely on an unfounded allegation in the affidavit, the allowance of an amendment thereafter to set up a new ground of attachment would have the effect of imposing on the surety an obligation which he did not assume. The process may be amended to justify the original service or to validate the previous action taken, only when the intervening rights of innocent persons are not prejudiced. *Clendenin v. Turner,* 96 N. C., 416; *Page v. McDonald,* 159 N. C., 38; McIntosh Prac. & Proc., sec. 801 (3) (c); McIntosh Prac. & Proc., sec. 487.

When the surety signed the bond he entered into the obligation with reference to the cause as it then stood. *Gilna v. Fidelity & Deposit Co.,* 83 Mont., 231.

When a new element of liability is introduced by the amendment, the surety is discharged. 74 A. L. R., 913 (note); *Bryan v. Bradley,* 1 N. C. (Taylor's Reports), 177; *Michelin Tire Co. v. Bentel,* 184 Cal., 315; *Wilson v. Fisk,* 22 R. I., 100; 5 American Jurisprudence, sec. 914.

The ruling of the court below denying the motion to discharge the undertaking was based solely on the finding that the defendant was a nonresident. There was no finding, nor evidence, that the only ground for attachment stated in the original affidavit at the time the undertaking was signed by the surety had any foundation in fact. All the evidence was to the contrary. There was error in denying defendant's motion to release the defendant's undertaking.

There was sufficient evidence of consideration for the execution of the note sued on, and the exception to the instruction of the court on that issue cannot be sustained.

The appellant's exception to the ruling of the court below in the admission of evidence is without merit.

We conclude that the judgment must be modified by striking out the last paragraph thereof, wherein the motion to release the undertaking was denied, and that in all other respects the judgment be affirmed.

Modified and affirmed.