# WHEELING.

SANDHEGER *v.* HOSEY.

Submitted June 24, 1885.—Decided July 3, 1885.

1. An affidavit for an order of attachment, which states as the ground for the order, "that the defendant has property *or* rights of action which he conceals," is sufficient, notwithstanding the disjunctive *or* is used—it being apparent that but one ground for the attachment is alleged under the statute. (p. 223.)

2. An affidavit alleges the "material facts" for an attachment to be "that the defendant is hiding and concealing a large part of the

26  221
37  856
26  221
42  530
26  221
47  713
26  221
48  97
26  221
50  676
26  221
58  271

stock of liquors and wines which the plaintiff sold and delivered to him." HELD :

Insufficient to sustain the order of attachment. (p. 224.)

The facts of the case are stated in the opinion of the Court.

*Frame & Holt* for plaintiff in error.

No appearance for defendant in error.

SNYDER, JUDGE :

Action of *assumpsit* brought February 29, 1884, in the circuit court of Webster county by Christopher Sandheger against Jacob A. Hosey to recover $808.83 upon an account for liquors, wines, &c., sold and delivered by the plaintiff to the defendant. This writ of error is to an order of the court quashing the plaintiff's attachment, issued in the action and levied on the personal property of the defendant, upon the ground that the affidavit on which the attachment is based is insufficient. The only error assigned by the plaintiff in error is the order quashing the attachment.

The affidavit, after properly stating the amount, nature and justice of the plaintiff's demand, proceeds as follows : "That the following ground exists for an order of attachment in favor of the plaintiff against the property of the defendant in said action, to-wit : that the defendant has property or rights in action which he conceals; and the material facts relied upon to show the existence of the foregoing ground for said order of attachment are, that the defendant is hiding and concealing a large part of the stock of liquors and wines which the plaintiff sold and delivered to him as aforesaid."

The order of the court does not show on what grounds the court based its action, but it is stated in the brief of counsel for the plaintiff in error that the affidavit is claimed to be defective in two particulars : (1.) that the allegation, "that the defendant has property or rights in action which he conceals," is in the alternative and uncertain, and (2.) the allegation, "that the defendant is hiding and concealing a large part of the stock of liquors and wines which the plaintiff sold and delivered to him," does not meet the requirements of the statute. Whether or not these were, in fact, the grounds upon which the affidavit was held insufficient by the court is

unimportant, since it is plain, that, if it is not defective in these particulars or either of them, it is not in any other respect bad.

1.—The words, "Has property or rights in action which he conceals," are the exact language of the statute and constitute the *seventh* ground for an attachment.—See ch. 158, Acts 1882 p. 514.

Usually the plaintiff may allege as many distinct and separate grounds of attachment, within the terms of the statute, as he may deem expedient. But in doing so care must be taken that there be no inconsistency between any two of the grounds stated, for that would introduce an element of uncertainty and indefiniteness in the affidavit which might vitiate the attachment. An affidavit alleging one *or* the other of two or more distinct grounds would be bad, because of the impossibility of determining which is relied on to sustain the attachment. The several distinct statutory grounds, or facts of different natures, if two or more of such grounds or facts are stated, must be stated in the affidavit conjunctively and not disjunctively. But if the affidavit states two or more phases of the same fact, or even different facts of the same nature, which constitute together but a single statutory ground for an attachment, and do not unite two or more such grounds, they may be stated disjunctively and the affidavit will not be bad for that reason. Thus when the language of the statute was, " so absconds or conceals himself that the ordinary process of law cannot be served on him," and the affidavit used the precise language of the statute, the court held it was sufficient. *Conrad* v. *McGee*, 9 Yerg. 428; *Goss* v. *Gowing*, 5 Rich. L. 477. Or, when the affidavit, using the words of the statute, alleged that the defendant " has assigned, disposed of or concealed, or is about to assign, dispose of, or conceal his property, with intent to defraud his creditors," the court held it was sufficient. *Klenk* v. *Schwalm*, 19 Wis. 111. See Drake on Att. §§ 101, 102. I do not, therefore, think the affidavit was bad in this respect.

2.—It seems to me, however, that the second objection to the affidavit must be sustained. The " material facts," required by the statute, are the allegations which must produce in the mind of the Court the conclusion that the ground

for the attachment exists.   This requirement is intended to protect the alleged debtor against an abuse of the attachment law.   The facts stated must be capable of denial and disproof, and they must of themselves show an improper, illegal or fraudulent act; and they must exclude every reasonable conclusion that the act was proper and innocent.   If they leave it doubtful whether the act alleged was fraudulent or innocent, the affidavit will be insufficient.   An affidavit that the defendant did an act which, of itself, does not show a fraudulent intent, cannot certainly establish such intent.   It is the fraudulent act and intent of the defendant to withdraw his effects from the reach of the plaintiff, his creditor, that gives the right to pursue him by attachment; and consequently, unless both such act and intent are deducible from the material facts stated, the affidavit is insufficient. *Delaplaine* v. *Armstrong*, 21 W. Va. 211.

The "material facts" stated in the affidavit in this case, viz: "That the defendant is hiding and concealing a large part of the stock of liquors and wines which the plaintiff sold and delivered to him," besides being simply a repetition of the previously alleged ground for the attachment, do not necessarily show any fraudulent intent—certainly they do not necessarily show that the concealment was intended to defraud the plaintiff or any other creditor.   The defendant may have concealed the liquors and wines to avoid revenue officers, or to escape the annoyance of temperance crusaders or the importunities of persons who get drunk.   No fact is stated to indicate what the affiant understands by the words "hiding" and "concealing."   The defendant may have had the liquors in his cellar or in some out-house, and affiant may have regarded this to have been hiding and concealing them.   In a general sense hiding and concealing may be considered an act; and the statement that the defendant is hiding and concealing may also be considered as the statement of a fact.   But such generality can not be allowed in proceedings by attachment.  The mode and manner of the act and the attendant facts must be stated, in order that the court may determine the purpose and character of the act and be able to decide for itself upon the propriety or impropriety of the act and to say whether it was fraudulent or innocent.   Other objections might be urged

against this affidavit, but, it seems to me, that its insufficiency is so apparent that it is useless to say more. The order of the circuit court is affirmed,

AFFIRMED.