# CHARLESTON.

## EPLIN v. BLESSING.

Submitted November 25, 1913.   Decided December 2, 1913.

1.   ATTACHMENT—*Affidavits—Description of Debt.*

An affidavit for an attachment, pursuant to §193, Ch. 50, Code 1906, which states the nature of plaintiff's claim to be ''for day labor on Round Bottom Job in said county and state, $54.07, and cutting timber by thousand on Round Bottom Job in said county and state, $88,92, that the said claim is just, and this affiant believes that plaintiff ought to recover thereon'' the aggregate of the two items ''with interest on the same from the 5th day of September, 1910'', is void for indefiniteness in description of plaintiff's claim, and, on defendant's motion, should be quashed.   (p. 241).

2. SAME—*Affidavit—Averments of Fraud—Statement of Grounds—Quashing Attachment.*

An affidavit for an attachment, pursuant to §193, Ch. 50, Code 1906, which states that the defendant (naming him) ''has assigned, disposed of or removed his property, or a material part thereof, or is about to do so, with like intent to defraud'' his creditors, is void for uncertainty and indefiniteness in its averments of fraud; and the affidavit, and attachment issued thereon, should, on defendant's motion, be quashed. To avail for the purpose of a valid attachment, the affidavit should state the grounds conjunctively, not disjunctively. (p. 285).

Error to Circuit Court, Boone County.

Action by Ira Eplin against John F. Blessing. Judgment for plaintiff, and defendant brings error.

*Affirmed in part. Reversed in part.*

*Leftwich, Byrnside & Shaffer,* for plaintiff in error.

LYNCH, JUDGE:

In an action before a justice, and on defendant's appeal to the circuit court, plaintiff obtained judgment against Blessing and favorable rulings on the latter's motion to quash an affidavit for an attachment and the attachment issued thereon, and on his plea in abatement to the attachment. The writ of error and supersedeas now under examination was granted solely on the petition of Blessing, although the judgment was against him and the sureties on the appeal bond. He seeks relief only from the proceeding by attachment. The judgment on the account is not contested. In fact, it is in the nature of, though not in fact, a confessed judgment.

The real and only vital question is, whether the circuit court erred in its refusal to quash the affidavit and attachment. If it did, the trial of the plea in abatement was futile. Our examination inevitably leads to the conclusion that the circuit court erred in its rulings in this respect. . The affidavit is fatally defective, at least in two particulars, both of which are indispensable to a valid attachment under §193, Ch. 50, Code 1906.

It fails in its attempt to describe the claim on which plaintiff sues. We find no such definite description as the statute authorizing attachments contemplates. Such proceedings are

of statutory creation, and, to be valid, must conform, at least substantially, with all the requirements prescribed. The affidavit in this respect falls clearly within the criticism applied in *Bank* v. *Loeb,* 71 W. Va. 494 76 S. E. 883. It states ''that the claim of the said plaintiff against the defendant is for day labor on Round Bottom Job in said county and state, $54.07, and for cutting timber by thousand on Round Bottom Job in said county and state, $88.92, that the said claim is just, and this affiant believes that plaintiff ought to recover thereon'' $133.62, ''with interest on the same from the 5th day of September, 1910''. It does not state for whom plaintiff performed labor and cut timber, nor what labor he performed as distinguished from the cutting of timber. For aught appearing in the description, he may have performed both for a trespasser on defendant's lands located on Round Bottom, if the latter owned lands thus designated. Besides, there appears no averment that the services were performed at the instance or request or pursuant to any employment by or on behalf of defendant. To avail as the basis of a process by which the owner of property may be deprived of its possession and use, even temporarily, an affidavit must afford reasonable certainty in the description of the claim to be enforced by such drastic remedy. It must show a direct, not an inferential, liability. If any duty devolves on defendant to pay the claim in suit, so far as indicated by affiant it is solely because the affidavit says it is plaintiff's claim against defendant for labor. But that is plainly an insufficient description of the nature of the claim.

But the affidavit is equally defective in another particular. The grounds assigned for the attachment are that defendant ''has assigned, disposed of or removed his property, or a material part thereof, or is about to do so'', ''with like intent to defraud'' his creditors. This is the only charge of intent to defraud appearing anywhere in the affidavit. With what ''like intent'' is it compared? The averment contains verbatim a copy of the language found in the third clause of §40, Ch. 50, Code 1906, the draftsman evidently deeming it sufficient for the purpose. But *Sandheger* v. *Hosey,* 26 W. Va. 221, *Goodman* v. *Henry,* 42 W. Va. 526, and *Roberts* v. *Burns,* 48 W. Va. 92, hold similar affidavits in-

sufficient. While the statute states the grounds in the alternative, an affidavit asserting two or more of such grounds must state them conjunctively, not disjunctively. Otherwise, they do not inform defendant in what respect his dealings are challenged as fraudulent. He is entitled of right to know wherein he is so seriously accused, and wherein his conduct operates as a 'fraud upon the rights of creditors. Besides, as incident to property rights, the owner may do or cause to be done any one or more of the acts or things charged, except only that his acts and conduct shall be free from an intent to defraud. For the purpose of liquidation, he may, in good faith, assign his property; as, in fact, the defendant did in this instance, for the benefit of his creditors; or he may otherwise dispose of it or any part of it, or remove it, or plan to do any one or more of the things charged. So that, to deny him the exercise of these rights, by attachment, every statutory requirement must be observed, at least in a more substantial degree than was done by plaintiff in this case. 

In view of what has been said, and without discussing other assignments, our conclusion is to quash the affidavit and attachment, dismiss the attachment proceedings, and affirm the judgment rendered against Blessing and his sureties on the bond for the appeal from the justice, with costs to plaintiff in error in this behalf expended and damages according to law.

> *Affirmed in part. Reversed in part.*