# CHARLESTON.

## ROACH v. BLESSING.

Submitted November 25, 1913.    Decided December 2, 1913.

ATTACHMENT—*Bond to Discharge—Effect.*

    A bond given by a defendant and his assignees in an attachment suit, pursuant to section 10, chapter 106, Code 1906, conditioned to perform the judgment or decree of the court, dissolves the attachment, as the statute plainly contemplates. The bond then stands in lieu of the property attached. The attachment has expended its force, and thereafter nothing is left on which it can operate.

Error to Circuit Court, Boone County.

Action by F. M. Roach against John F. Blessing. Judgment for plaintiff, and defendant brings error.

*Writ of Error Dismissed as Improvidently Awarded.*

*Leftwich, Byrnside & Shaffer,* for plaintiff in error.

*Chas. L. Estep,* for defendant in error.

MILLER, JUDGE:

The errors assigned relate to the trial of an attachment, a motion to quash, overruled, and on a plea in abatement denying the grounds, and the facts on which the attachment was based.

After the attachment was sued out and levied, defendant with his trustees in a general deed of assignment, for the benefit of creditors, covering the goods attached, as principals, and with the Citizens Trust and Guaranty Co., as surety, executed a bond as provided by section 10, chapter 106, Code 1906, not to have the property attached forthcoming, as therein provided, but to have the same released, and conditioned to perform the judgment or decree which might be entered in the cause, and the property was accordingly released.

On the trial defendant confessed judgment for the claim sued for; but notwithstanding this the court below empanelled a jury and went on to try the issues on the attachment, and there was a verdict in favor of plaintiff, but necessarily there could be no judgment on the attachment, or for the sale or forthcoming of the property attached, and there was none,

for it had all been released and returned to the plaintiff or his trustees, by the giving of the bond to pay and satisfy the judgment.

A motion is made on the hearing here to dismiss the writ of error as improvidently awarded, and we think it ought to prevail.. The plain purpose of the statute, in providing for the giving of a bond to perform the judgment or decree, is to release the attachment. The bond when so executed and accepted becómes a substitute for the attachment. If judgment or decree be thereafter recovered, it is to the bond and not to the property attached, to which the creditor must resort. The attachment is gone; it is out of the case, and there is nothing left of it on which a verdict of the jury or the judgment of the court can operate. Sams on Attachment, 198. The effect of the giving of such bond is clearly stated, with note reference to the decisions, in 1 Shinn on Attachment and Garnishment, section 304, as follows: ''When, for the purpose of releasing attached property (or to prevent property from being attached), a bond is given to pay the judgment which the attachment plaintiff may thereafter procure against the attachment defendant, the principal effect of such bond is to dissolve the attachment (if levied) and discharge the property from the attachment lien, 'and the case will then proceed as if originally begun by summons. The bond stands in lieu of the rem.. The property is gone .from the court's control. The bond is special bail and is a substitute for the property as regards all claims that may be made against it by the promoter of the suit. The attachment has expended its force and is no longer operative. The bond dissolves the attachment entirely. It is not given for the property itself, but for the payment absolutely of the judgment when recovered in the suit, whatever may be the amount, if within the penalty named in the bond. It is a security for any judgment which would have been satisfied out of the attached property. And this, although there may be, by leave of court, . a discontinuance as to all the defendants named in the bond except the administrator of one deceased. In fact, it has been said that a bond, given to the plaintiff, to pay the judgment that may be recovered by him, operates not only to release the levy, but to destroy the writ itself, and that thereafter a

motion to dissolve the attachment as being irregularly or improvidently issued, will not be entertained. There is no levy to be quashed after the bond is given and the property released.''

For these reasons the motion to dismiss is sustained.

*Writ of Error Dismissed as Improvidently Awarded.*