# CHARLESTON

STATE *ex rel.* v. KELLER *et al.*

Submitted March 11, 1914. Decided April 28, 1914.

1. BAIL—*Bond by Debtor—Action for Breach—Declaration.*
   A declaration in an action upon a bond executed by a debtor to secure his release from arrest, held bad on demurrer for want of sufficient averment of a breach of conditions in the bond. (p. 219).

2. ARREST—*Civil Action—Validity.*
   An order of arrest issued in a pending action, under Secs. 31 and
   74 W. Va.

32, Ch. 106, serial sections 4485 and 4486, Code 1913, is void, and
the arrest of the debtor thereunder unlawful for want of jurisdic-
tion, when the affidavit and bond required by Secs. 30 and 31 of said
chapter have not been filed; and in an action on the bond executed
by the debtor and his sureties to secure his release, he may defend
on the ground of duress.    (p. 219).

Error to Circuit Court, Taylor County.

Action by the State against Irvin B. Keller and others.
Judgment for plaintiff and defendants bring error.

*Reversed and Remanded.*

*John L. Hechmer*, for plaintiffs in error.

*A. W. Burdett*, for defendant in error.

WILLIAMS, JUDGE:

In an action of debt against the principal and sureties
upon a debtor's bond given to secure the principal's release
from arrest upon mesne process, plaintiff recovered a judg-
ment for $460.88 and defendants were awarded a writ of
error.

Overruling the demurrer to the declaration is the first
error assigned.  Plaintiff had procured the clerk of the court
to issue an order for the arrest of Irvin B. Keller in a pend-
ing action to recover a debt due it from him and J. M. Keller,
constituting a partnership trading as Keller Bros., pursuant
to section 31, chapter 106, serial section 4485, Code 1913.
He was arrested upon that warrant or order and, to secure his
release, he executed the bond sued on, pursuant to section
34 of said chapter, with Eugene A. Keller and Clyde A.
Cole as his sureties.   The bond contains two conditions:
(1) that if a judgment should be recovered against him in
the action, on which a fieri facias may issue, and, within four
months after such judgment is rendered, interrogatories
are filed with a commissioner of the court and the commis-
sioner should summon him to answer said interrogatories,
he would be in the county, and would appear in answer to the
summons and file answers upon oath to the interrogatories,
and would make such conveyances and deliveries of property
as is required by said chapter of the Code; or, failing in
this, (2) he would perform and satisfy the judgment of the

court. The conditions are in the alternative, and a performance of either of them would be a compliance with the undertaking; and non-compliance with both conditions is essential to constitute a breach. The declaration does not sufficiently aver that Irvin B. Keller was not in the county at the time stated in the summons issued by the commissioner for him to appear and answer interrogatories. He avers that such summons was issued and placed in the sheriff's hands to be served, and that it was returned to the commissioner by the sheriff with the following indorsement thereon: "The within named I. B. Keller not found in my bailiwick," and that the commissioner's report filed in the action stated that said Irvin B. Keller had failed to appear. These averments do not show a breach of the first condition. Defendant may have been in the county and the sheriff not have found him. The officer's return, "not found", does not mean that he was not then in the county, or that he had become a non-resident of the county. It simply means that the sheriff did not find him. *U. S. Oil & Gas Well Supply Co.* v. *Gartlan,* 65 W. Va. 689. Such return would not authorize the issuance of an order of publication against a defendant as a non-resident, under Sec. 11, Ch. 124, serial section 4747, Code 1913. The officer's failure to serve the summons and the debtor's failure to appear before the commissioner without being summoned, do not show a breach of the first condition of the bond. He was not required to appear until served with summons. The declaration should have averred that he was not in the county.

Neither do we think there is a sufficient averment of a breach of the second condition. The judgment was recovered against two persons who formed a partnership. The declaration does not negative payment of the judgment by J. M. Keller, the other partner, but simply avers that it was not paid by any one of the defendants to the present action, no one of whom is J. M. Keller. Lack of proper averment of a breach of either one of the conditions would make the declaration bad, and the breach of neither condition is sufficiently averred.

Defendants pleaded *non est factum,* and also tendered a special plea alleging that the bond sued on was executed

by the said Irvin B. Keller under duress of unlawful imprisonment. The court rejected the latter plea, and refused to admit evidence offered by defendants to prove that the clerk had issued the order of arrest without the affidavit required by Sec. 30, or the bond required by Sec. 31, of Ch. 106 of the Code. The affidavit and bond were prerequisites to the issuance of the order of arrest. Without them the clerk had no jurisdiction, and the arrest was unlawful.

Jurisdiction in attachment is statutory and special and the statute must be strictly pursued, else the court does not acquire jurisdiction. No presumption is indulged in favor of the regularity of attachment proceedings, but every essential requirement of the statute must have been complied with, else the writ is void. 1 Shinn on Attachment, Secs. 8 and 153. "One seeking the aid of a court in such a case must bring himself manifestly within the provisions of the statute, or the court will not acquire sufficient jurisdiction of his case to be enabled to grant him the aid sought." *Id.*, Sec. 153. This principle applies with at least equal, if not greater, force in case of the arrest of a debtor in a pending suit. If the affidavit and bond were not filed, the clerk was without jurisdiction to order Irvin B. Keller's arrest, and his arrest was unlawful, amounting to duress. *Spang* v. *Robinson,* 24 W. Va. 327; *Nelson* v. *Suddarth,* 1 H. & M. 350; and 14 Cyc. 1123. This court held in *Ogg* v. *Murdock,* 25 W. Va. 139, that an order of arrest could be issued only in a pending suit, and that such an order, issued when no suit was pending, even though affidavit and bond had been filed, was void. In an action upon a bond, given by the debtor to secure his release from arrest, the supreme court of Maine, in construing a statute of that state similar to our own, held that the affidavit provided by the statute had to be taken before a justice of the peace in Maine, and that an arrest made upon an affidavit taken by a justice of the peace in the state of Massachusetts made the arrest unlawful, and rendered the bond of the debtor to secure his release void, as having been obtained by duress, and held that no action could be maintained upon it. *Bramhall* v. *Seavey,* 28 Me. 45. In *Learnard* v. *Bailey,* 111 Mass. 160, which was an action against the surety on a recognizance, it was held, "that he might

show that the writ on which his principal was arrested did not authorize the arrest; (2) that if the writ did not authorize the arrest his recognizance was void." The following authorities are also apropos to the question: *Supe* v. *Francis,* 49 Mich. 266; *Whitefield* v. *Longfellow,* 13 Me. 146; *Everett* v. *Henderson,* 146 Mass. 89, 4 Am. St. 284. "The appearance and giving bail, or answering to the merits, has been held to be no waiver of jurisdictional defects in the writ or order of arrest." 2 Standard Enc. Procedure 977. *Leigh* v. *Alpaugh,* 24 N. J. L. 629. In *Eddings* v. *Boner,* 38 S. W. 1110, the court of appeals of Indian Territory held, that the defendant, in replevin, by answering and giving bail does not waive the error in an order of arrest made without requiring plaintiff to give bond, and that the arrest is invalid if plaintiff has not given the bond required by the statute.

It was error to reject defendants' plea of duress, and it necessarily follows that it was error to exclude defendants' evidence, offered to show that no affidavit or bond had been filed as a basis for the clerk's issuing the order of arrest. The judgment is reversed, the verdict of the jury set aside, and the case remanded for a new trial, with leave to plaintiff to amend its declaration.

*Reversed and Remanded.*