# CHARLESTON

HOME DISTILLING CO. v. HIMMEL *et al.*

Submitted September 15, 1914.    Decided September 22, 1914.

1. ATTACHMENT—*Affidavit—Statement of Claim—Sufficiency.*

   An attachment affidavit, in an action on a contract for the sale and delivery of goods to plaintiff, not stating the terms of the contract nor the character of the goods sold, and showing no other cause of action than, "that the time for the performance of the obligations," under the contract had passed, does not sufficiently state the nature of plaintiff's claim.   (p. 757).

2. SAME—*Waiver of Irregularities—Giving of Forthcoming Bond.*

   By the giving of a forthcoming bond, as provided in Sec. 10, Ch. 106, serial section 4464, Code 1913, defendant does not waive irregularities and defects in the attachment proceedings.   (p. 758).

3. SAME—*Forthcoming Bond—Election.*

   Having given a bond with alternative conditions to have the attached property forthcoming at such time and place as the court may require, or to perform the judgment of the court, defendant may elect to perform either condition; and his motion, thereafter made, to quash the attachment will be treated as his election to have the property forthcoming.   (p. 758).

Error to Circuit Court, Kanawha County.

Action by the Home Distilling Company against Moses L. Himmel and others.   Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Frank Lively* and *Linn & Byrne,* for plaintiffs in error.

*Connor Hall, H. D. Rummel* and *S. C. Burdett,* for defendant in error.

WILLIAMS, JUDGE:

By this writ of error defendants seeks the reversal of an

order of the circuit court of Kanawha county, made on the 28th of December, 1912, refusing to quash an attachment. The ground of the motion is that the attachment is insufficient, because it does not sufficiently describe plaintiff's claim. That portion of the affidavit descriptive of plaintiff's claim is as follows: "That heretofore, to-wit, on or about the 15th day of November, 1911, the said Moses L. Himmel and S. Himmel, as M. L. Himmel & Son, entered into a certain contract with the said corporation (the plaintiff) whereby the said Moses L. Himmel and S. Himmel, under the firm name of M. L. Himmel & Son, contracted to sell and deliver to the said corporation certain goods, wares and merchandise; that the time for the performance of the obligations to be performed under that said contract by the said Moses L. Himmel and S. Himmel has passed, and that the said Moses L. Himmel and S. Himmel have committed a breach of the said contract." The only ground for the attachment is that defendants are non-residents. Attachment is purely a statutory remedy, summary and drastic in its nature, and, therefore, the courts apply to the statute the rule of strict construction; all its requirements must be strictly complied with. It is essential that the nature of plaintiff's claim be so described in the attachment affidavit that the court can see therefrom that plaintiff has a valid cause of action against the defendant. The affidavit in this case does not state the character or kind of goods, wares and merchandise which plaintiff states it bought of defendants; nor where they were to be delivered; nor that the time of delivery was of the essence of the contract; neither does it state in what respect the contract was broken, whether by failure to deliver the goods at a specified time and place, or by delivering goods inferior to those purchased. It fails to point out in what respect plaintiff suffered damages; it does not even name the action or state that it is brought to recover damages. In *Bank v. Loeb*, 71 W. Va. 494, we held the following description in the affidavit of plaintiff's claim not sufficient, viz: "That the claim of the said plaintiff against the defendant is for checks not paid, protest fees and to Mdse." That action originated in a justice's court, but the language of Sec. 193, Ch. 50 of the Code, is the

same as that of Sec. 1, Ch. 106, under which the affidavit in the present case was made, so far as it relates to the description to be made of the nature of plaintiff's claim. In *Sommers* v. *Allen*, 44 W. Va. 120, an affidavit describing plaintiff's claim as being to recover $396, "which sum will be due and payable on said 1st day of February, 1896, which sum the plaintiffs claim will be due on that day on a negotiable note signed by J. H. Allen and Kate M. Allen," was held bad, as not stating any cause for action. It did not state to whom the note had been executed, nor why the plaintiff had any right to sue on it; neither did it give the date of the note nor the name of the bank at which it was payable. *Hudkins* v. *Haskins*, 22 W. Va. 645, is also a case in point. An able discussion on the law of attachment, showing the necessity of a strict compliance with every provision of the statute relating thereto, will be found in the opinion of Judge HOLT in *Crim* v. *Harmon*, 38 W. Va. 598. We are clearly of the opinion that the affidavit in this case did not sufficiently describe the nature of the plaintiff's claim. The order appealed from shows that this was also the opinion of the circuit court, but that it refused to quash the attachment for the reason that the defendants had given a forthcoming bond, which the court held to operate as a waiver of the defect in the affidavit.

Sec. 10, Ch. 106, serial section 4464, Code 1913, provides for the retention of attached property by the owner, or its return to the person in whose possession it was, on giving bond with condition to have the same forthcoming at such time and place as the court may require. It also provides for the release of the property from the attachment on the giving of bond with condition to perform the judgment or decree of the court. Two bonds are therein provided for having different objects; one is to enable the party in whose possession the property is to retain it without affecting the attachment, and the other is to discharge the attachment. A bond to perform the judgment discharges the lien of the attachment, and becomes a substitute for the *rem.* The attachment had been served upon the Kanawha & Michigan Railway Company as defendant's debtor, or as having in its possession and control property belonging to them. The bond given was in the pen-

alty of $4,000, and contained the following condition : "'Now, therefore, If the said M. L. Himmel & Son shall have the property and effects in the hands of said garnishee forthcoming at such time and place as the said court may require ; or shall perform such judgment as may be rendered by said Court in said cause, then the above obligation to be void, otherwise to remain in full force.'' Here are two alternative conditions, one to have the property forthcoming, the other to perform the judgment of the court. And, having bound themselves, not to perform two conditions, but either one of two, the obligors, we think, would have the right to elect which one they would perform. A compliance with either condition would discharge the bond. *State* v. *Keller et al.*, 74 W. Va. 217, 81 S. E. 972. *Pearce* v. *Maguire*, 17 R. I. 61, 20 Atl. 98; *Brumby* v. *Bernard*, 60 Ga. 292. By moving to quash the attachment defendants have elected to stand upon the condition to have the property forthcoming. For, if they are standing upon the condition to satisfy the judgment, the motion to quash is useless, the bond itself operating to discharge the attachment. The very purpose of such a bond is to release from the attachment the whole of the estate attached; and that it has that effect was expressly decided in *Roach* v. *Blessing*, 74 W. Va. 319, 80 S. E. 453. The bond stands in lieu of the property attached, and plaintiff's remedy thereafter is on the bond. It may be that the giving of a bond to perform the judgment operates a waiver of defects in the proceedings, such for instance as a want of proper affidavits. 1 Shinn on Attachments, Sec. 30. However, we are not called upon to decide that question. The question we have is, does the giving of a forthcoming bond amount to a waiver of such defect? We hardly think so, for the reason that the property is still subject to the attachment, the possession only being retained ; the property remains in the hands of the owner as the bailee of the officer and it is still subject to the order of the court. 1 Shinn on Attachments, Sec. 288. There is no good reason for holding that the giving of a forthcoming bond waives irregularities as there is in case of a bond to perform the judgment. In Sec. 351, 1 Shinn on Attachments, the general rule is stated to be, "that giving a

bond to obtain the possession of the attached property is not a waiver of a party's right to show that the facts on which the attachment was obtained are unfounded, or that the property seized did not belong to him.

The judgment will be reversed and an order entered here quashing the attachment, and the cause will be remanded for such further proceedings to be had therein as plaintiff may be advised it has a right to take.

*Reversed and Remanded.*