# CHARLESTON.

### FLOYD TETER v. WILLIAM GEORGE *et al.*
(Two Cases)

### Submitted April 21, 1920.  Decided May 11, 1920.

1.  ATTACHMENT—*Statements in Attachment Affidavit Held Not to Set up Fraud in Contraction of Debt.*

    Neither a mere general charge of untruth of a representation made with knowledge thereof, for procurement of a loan of money, and relied upon by the lender, if unaccompanied by an averment of facts, necessarily importing fraudulent intent as matter of law, nor a general charge of intention on the part of the borrower not to repay the loan, supported only by an averment of the filing of a plea of non-liability for the debt in an action brought to recover it, amounts to a sufficient statement of facts in an attachment affidavit setting up, as ground for the attachment, fraudulent contraction of the debt.  (p. 455).

2.  COURTS—*Courts Have Inherent Power to Prescribe and Enforce Rules.*

    Courts have inherent power and authority to prescribe and enforce rules and regulations for the conduct of their business in accordance with established procedure, not inconsistent with organic or statutory law, nor unreasonable, oppressive or obstructive of common right.  (p. 454). ·

3.  SAME—*Rule Making Failure to File Special Plea a Waiver is Valid.*

    A rule requiring a special plea, notice, or counter claim to be filed not later than the fifth day before the day on which any case is set for trial, except as otherwise provided by law, and making failure to file it on or before such day bar it on the principle of waiver, is valid.  (p. 454).

4.  SAME—*Court's Interpretation of its Rule Held not to be Disturbed by Appellate Court.*

    The court prescribing such a rule has authority to interpret and apply it, wherefore its ruling that a postponement of a

case to a later date than that for which it was formerly set for trial does not except it from the operation of the rule, cannot be disturbed by the appellate court.  (p. 454).

5.  PLEADING—*In the Absence of a Plea and Specification, Proof Inadmissible.*
    In the absence of a plea and specification of sets-off, or a notice specifying them, proof thereof is inadmissible.  (p. 459).

    (LYNCH, JUDGE, absent).

Error to Circuit Court, Barbour County.

Action by Floyd Teter against William George and others. Motion to quash an attachment affidavit overruled, and defendants bring error, and plaintiff assigns cross-error upon an order quashing the attachment.  From a judgment for plaintiff, defendants take also another writ of error.

*Affirmed.*

In Case No. 3883:

*A. M. Cunningham,* and *J. Blackburn Ware,* for plaintiffs in error.

*W. Bruce Talbott* and *George & Wilcox,* for defendant in error.

In Case No. 3923:

*A. G. Jenkins* and *George & Wilcox,* for plaintiffs in error.

*J. Blackburn Ware* and *A. M. Cunningham,* for defendant in error.

POFFENBARGER, JUDGE:

The first one of the two writs of error allowed in this case brought up for review on order overruling a motion to quash an attachment affidavit, with a cross-assignment of error based upon an order quashing the attachment, on the ground of a variance of the affidavit from the notice of the motion for judgment, treated as a declaration. The second brought up the judgment rendered in favor of the plaintiff on the two notes constituting the basis of the action.

The statement of facts for support of the ground of attachment, fraudulent contraction of the debts, found in the affidavit, is clearly insufficient.  One of the facts stated is that, in order to procure the loan of $2,500.00 represented by the first note,

the defendant fraudulently represented himself and his wife, two of the makers, to be financially worth the sum of $500,000.-00, well knowing the representation to be wholly false and untrue, with purpose and intent to defraud the plaintiff out of the two sums of money represented by the notes and especially the sum represented by the first one, and that, in making the loans, the plaintiff largely relied upon the representation. This is entirely too open and general. It does not charge representation or ownership of any particular property or kind of property, nor show the mode of representation. It may have been a mere expression of opinion, based upon claims of speculative or conjectural values or prospects, and affiant may have known it was. While the affidavit says the representation was false and known to be so, it does not say the makers were insolvent or impecunious. They may have been worth $250,-000.00 or $125,000.00 or some other large amount, and if they were amply and unquestionably good for the money, this fact would tend to show the lender did not rely upon the representation, but upon his own knowledge of their financial worth and ability. It would also negative intent to defraud, in the making of the representation, unless nullified by other facts disclosed. As to whether the affiant had any other knowledge of defendant's financial condition, the affidavit is silent. All of the essential elements of a ground of attachment must appear from facts disclosed by the affidavit, not mere conclusions or claims, and, if there is failure in this respect as to any one of them, the affidavit is insufficient. The facts "must exclude every reasonable conclusion that the act was proper and innocent. If they leave it doubtful whether the act alleged was fraudulent or innocent, the affidavit will be insufficient." *Sandheger* v. *Hosey,* 26 W. Va. 221, 224. See also *Delaplaine* v. *Armstrong,* 21 W. Va. 211; *Goodman* v. *Henry,* 42 W. Va. 526. The other charge is that the defendant George, at the times of the making of the loans, did not intend to repay them, but, on the contrary, intended not to repay them and to defeat their collection. Not a single fact prior to, or contemporaneous with the loans, is set forth in support of this general charge. How can the plaintiff know such intent existed or prove its existence, otherwise than by declarations, acts or conduct raising it as a

necessary inference? The affidavit is in the nature of a pleading. It must disclose to the court facts from which the court, treating the statement as true, can see that they make out a case of fraudulent intent. The court has no right to permit its officer, at the instance of the plaintiff, to hold the defendant's property pending a trial, unless the facts alleged, if true, establish, as matter of law, the fraud or other ground of attachment set up. A mere charge or accusation in general terms will not suffice. *Elkins National Bank* v. *Simmons,* 57 W. Va., 1; 6 C. J. p. 140.. The only fact stated in the affidavit to show intent not to pay the debts is a subsequent one, the filing of a plea in this action, denying the indebtedness alleged. It is hardly necessary to say fraud in contraction of the debts cannot be affirmed from that. Several defenses all consistent with honesty on the part of the defendant may be made under the general issue raised by the plea.

A special plea and a notice of sets-off were rejected by the court, because they were tendered after the expiration of the time limit fixed by a rule of the court for the interposition of defenses of that character and in that form. In so far as it is involved or material here, the rule reads as follows: "No pleadings, notices or counter claims, shall be filed in court, in any case, later than the 5th day before the day in which the case is set for trial on the docket, except pleas of the 'General Issue' and 'General Replication,' unless otherwise expressly provided by law. * * * Any failure to observe this Rule shall be deemed a waiver of all rights to plead, demur, amend, file any counter claim or set-off, or otherwise object to the pleadings in the case." The validity of this rule is assailed.

Courts of general jurisdiction have inherent power and authority to prescribe and enforce rules and regulations for the conduct of their business not inconsistent with positive law, nor unreasonable, oppressive or obstructive of common right. *Ex Parte Doyle,* 56 W. Va. 280, 282; *Hudson* v. *Kline,* 9 Gratt. 379, 388; *Suckly* v. *Rotchford,* 12 Gratt. 60. While this power is recognized generally, it is obvious that a rule of court contravening organic or statutory law is void. *Suckly* v. *Rotchford,* cited; *State* v. *Gideon,* 119 Mo. 94. 41 Am. St. 634. Many cases hold that a court has inherent power to prescribe the time

within which steps in procedure must be taken, to the end that needless delays may be prevented and the business of the court expedited in an orderly and systematic way. *The Roruado,* 109 U. S. 110; *Randolph* v. *Barbour,* 6 Wheat. (U. S.), 128; *Buckley* v. *Althorf,* 86 Cal. 643; *Thompson* v. *Pershing,* 86 Ind. 303; *Trammell* v. *Vane,* 62 Ala., 301; *In re McCandless etc. Road,* 110 Pa. St. 605; *Flisher* v. *Allen,* 141 Pa. St. 525. Rules to enforce good faith and fairness between litigants are valid. *Horner* v. *Horner,* 145 Pa. St. 258; *Connean* v. *Geis,* 73 Cal. 176. For other illustrations, see the learned and valuable note to *State* v. *Gideon,* 41 Am. St. 639.

This rule does not conflict with any constitutional or statutory provision of law, nor does it unduly restrict any right of action or defense. Its plain purposes are orderly and systematic disposition of business and elimination of dilatory procedure, in so far as such procedure is not a right conferred by positive law. It is in perfect harmony with the spirit and policy of our statutes relating to procedure, which inflict heavy penalties in the form of waiver of right of defense, for failure to plead within the time legally fixed and, under certain circumstances, to make defense under the sanction of an oath as to its merit and good faith. Code, ch. 125, secs. 44 to 47 inclusive. If a defendant in equity is in default as to his answer, he may file it before final decree, but he cannot delay the cause to take proof in support of it. Code, ch. 125, sec. 53. In the absence of such a rule as this, undue advantage is often taken by the filing of belated pleas. Many unmeritorious continuances are obtained by the filing of pleas that subserve no other purpose. The rule tends to elimination of such idle and unfair practices.

Condemnation of the rule is sought in the policy or spirit of certain statutory provisions relating to the right to file pleas and prove sets-off by way of defense: Code, ch. 125, sec. 56 and Code, ch. 126, sec. 4. But they do not deal with the matter of time of interposition of defenses, and nothing inconsistent with the general policy manifested by the statutes to which previous reference has been made, is perceived. We are of the opinion that the rule is valid and works out just and wholesome results.

By way of excuse for non-compliance with it, the plaintiff in error in the second writ, relies upon the apparent impossibility of trial of the case, on the day for which trial thereof was set, by reason of precedence of other cases, and a postponement of the trial for several days, in view of that fact. His general plea had been filed at the January term, 1919, and the case was set for trial at the May term, 1919. His special plea was short and simple and would have set up matter necessarily known to him from the dates of the loans, and his items of set-off were likewise necessarily known to him. No reason is perceived why the plea and notice could not have been filed long before the date fixed by the rule. How the postponement could change or abrogate the rule or render it inapplicable is not perceived. Nor can it be deemed to have wrought any surprise. The defenses were delayed with full knowledge of the rule. Power in the court below to prescribe the rule, includes power to interpret and apply it.

The court did not err in striking out such evidence of sets-off as the defendant George adduced. A plea of set-off accompanied by a bill of particulars, or a notice specifying the items to be set-off, was essential to admission of proof thereof, and he had filed none. *First National Bank* v. *Kimberlands,* 16 W. Va., 555; *Guthrie* v. *Huntington Chair Co.,* 69 W. Va. 152.

As the affidavit for the attachment is insufficient, the attachment itself would necessarily fall, if it had not been quashed by the court below. Hence, it is unnecessary to inquire whether there was a fatal variance between the affidavit and the pleading, such as the quashing of the attachment supposes.

Insufficiency of the affidavit sustains the order quashing the attachment. Our order will affirm the judgment.

*Affirmed.*