# CHARLESTON.

LITTLESTOWN SAVINGS INSTITUTION *v.* J. HERMAN BREAM *et al.*

Submitted December 12, 1923.    Decided January 15, 1924.

1. ATTACHMENT—*What Affidavit for Attachment Must Show, Stated; Except When Ground That Defendant Foreign Corporation or Nonresident, Affidavit Must Show Essential Facts Relied On.*

   Under sec. 1, ch. 106, Barnes' Code, the affidavit as contemplated therein upon which an attachment is based, must show the nature of plaintiff's claim, and the amount at the least which the plaintiff believes he is entitled to recover in the

action or suit and that one or more of said grounds exist; and
when sought to be issued on grounds other than the first must
contain a statement of facts, upon the knowledge of the affi-
ant of the evidential facts relied on to show the existence of
the grounds upon which the application for the attachment is
based.    (p. 356).

2.    SAME—*When Relied On Affidavit Must Show Fraudulent Con-
cealment of Property or Rights in Action.*

Where an attachment issues upon the ground that the de-
fendant has property or rights in action which he conceals, the
affidavit must show a fraudulent concealment of such property
or rights of action.    (p. 357).

3.    SAME—*Statement of Facts to Show Grounds Must Be Knowl-
edge and Not On Information of Affiant; "Informed."*

The grounds of the attachment may be shown to be on the
belief of the affiant; but the statement of facts relied upon to
show the existence of the grounds, upon which the application
for the attachment is based, must be positive and upon the
knowledge of the affiant, and not upon information.    (p. 357).

4.    SAME—*Affidavit That Defendant Attempting to Convert Prop-
erty Not Sufficient; "Attempting to Convert" Not Equivalent
to "About to Convert" Property.*

An affidavit, upon which an order of attachment is issued,
which states, as a ground therefor, that the defendant, "Is at-
tempting to convert a material part of his property into money,
or other securities, with intent to defraud his creditors and
particularly the plaintiff," is not sufficient; "attempting to con-
vert," is not equivalent to "about to convert."    (p. 358).

5.    SAME—*Must Stand or Fall on Sufficiency of Supporting Affi-
davit Irrespective of Bill.*

Upon a motion to quash an attachment and an order of
arrest, issued under ch. 106, Barnes' Code, on the ground of
the insufficiency of the affidavit, upon which said attachment
and order of arrest issued, the court will not consider the bill
in the case.    The attachment must stand or fall upon the suffi-
ciency or insufficiency of the affidavit alone.    (p. 361).

6.    ARREST—*Affidavit for Arrest Failing to Positively State Material
Facts Relied On to Show Grounds for Arrest Insufficient.*

An affidavit for an order of arrest under sec. 30, ch. 106, of
Barnes' Code, is insufficient if it fails to state directly and
positively the material facts relied upon to show the existence
of the grounds for the order of arrest.    (p. 358).

Appeal from Circuit Court, Berkeley County.

Suit by the Littlestown Savings Institution against J. Herman Bream and others. From orders overruling a motion to quash two attachments, the named defendant appeals.

*Reversed and remanded.*

*Kilmer & Byrer,* for appellant.
*Martin & Seibert,* for appellee.

McGinnis, Judge:

The controversy here arises upon the action of the Circuit Court of Berkeley County in overruling the motion of the defendant, J. Herman Bream, to quash two attachments, one of which is an order attaching the property of the defendant, J. Herman Bream, and the other is an order for his arrest. The order of attachment in each case was executed as directed therein, certain property was levied upon under the order, and said defendant was arrested under an order of arrest, both of which orders were issued by the clerk of said Court.

At the time of the issuance of the attachment for the person of the defendant, a chancery suit was pending in said court, in which Littlestown Savings Institution was plaintiff, and J. Herman Bream, ———————— Bream, his wife, Margaret Bream, H. P. Thorn, and Mary E. Thorn, his wife, and Charles S. Trump, were defendants. This cause came on to be heard in said court on the 24th day of November, 1922, and a motion was made by the defendant to quash the attachment against defendant's property, and the order of arrest of the defendant, on the ground of the insufficiency of the affidavits upon which said attachment and order of arrest were issued, which motions in each case the court overruled, and this case comes here upon an appeal from said order refusing to quash said attachment, and order of arrest.

The affidavit which is the basis upon which the order of attachment against the property of the defendant, J. Herman Bream was issued, after stating that the plaintiff is about to institute a suit in equity in said court against the said J. Herman Bream for the recovery of a claim or debt arising out of a contract, is as follows:

"That the nature of the claim is a certain note made, executed and delivered by Melvin R. Collins, dated April 16, 1921, payable to the order of J. Herman Bream on demand for the sum of two thousand one hundred and twenty dollars ($2120.00) with interest at five and a half per cent; that the said J. Herman Bream assigned all of his right, title and interest in the within note to the Littlestown Savings Institution, a corporation, of Littlestown, Pennsylvania, and guaranteed the payment and waived protest thereof; that interest upon the said note had been paid to December 31, 1921, and that affiant believes that the plaintiff is justly entitled to recover at the least in said suit the sum of two thousand one hundred and twenty dollars ($2120.00) with interest thereon from December 31, 1921, to the date of payment at the rate of five and one-half per cent; that affiant believes that the defendant, J. Herman Bream has property and rights of action which he conceals; that affiant further states that the following are the material facts relied upon by him to show the existence of ground upon which this application for attachment is based.

"That heretofore, to-wit, during the month of December, 1921, the said J. Herman Bream purchased of and from H. P. Thorn a certain lot of ground or parcel of real estate with the improvements thereon situate lying and being in the City of Martinsburg, County of Berkeley and State of West Virginia, and being known as Lot No. 736 on the plat of H. P. Thorn's sub-division of Lots 20, 21, 22, 23, 24, 26 and 59 of Commanding View, an addition to the City of Martinsburg, which plat is recorded in Deed Book No. 142, page 63, of the land records of Berkeley County, West Virginia, in the office of the Clerk of the County Court; that he caused a deed at that time to be made for the said lot to one Margaret Bream, a non-resident of the State of West Virginia, and a sister of the said J. Herman Bream; that there has been paid upon the purchase of the said lot of ground, with improvements, by him, the entire amount thereof, except the sum of seven hundred and ninety-nine dollars ($799.00) with interest thereon from the 1st day of June, 1922, and that the balance of said indebtedness is evidenced by a note given by the said J. Herman Bream to H. P. Thorn for said amount, dated June 1, 1922, and payable thirty days after its date; that the said deed had not yet been delivered to the said J. Herman Bream; that the said J. Herman Bream when approached by affiant relative to the payment of

the indebtedness herein set out, informed said affiant that he had no property out of which the money could be made; that such statement was made to affiant on the 21st day of July, 1922; that affiant is informed that the said J. Herman Bream has other rights of action and property, to-wit: notes· and other property which are either in his possession or under his control, but of which affiant had no further knowledge; that the said J. Herman Bream is attempting to convert a material part of his property into money or securities with intent to defraud his creditors and particularly the plaintiff; that the said J. Herman Bream after informing the affiant on the morning of the 21st day of July, 1922, that he had no property out of which this debt could be made and asked for half an hour in which he might consult his attorney, went to the office of one Charles S. Trump and there made a bill of sale upon one certain Mormon ''34'' automobile, known as a Chummy Road-ster model engine No. 38437F and assigned the said automobile to the said Trump, who is a member of the Berkeley County, West Virginia Bar, and the said bill of sale was admitted to record and is dated July 19, 1922, and acknowledged on July 21, 1922, and was ad-mitted to record at ten minutes past ten o'clock on the 21st day of July, 1922, in the Clerk's office aforesaid, and after the statement aforesaid, that the consideration therein named is $1000.00.''

This affidavit fails to show either positively or inferen-tially when the plaintiff's right of action first accrued. It states, in alleging the statutory grounds for the attachment,

''That the defendant, J. Herman Bream, has property and rights of action which he conceals,''

and in the statement of material facts upon which the appli-cation for the attachment is based, the affidavit alleges that,

''In the month of December, 1921, a certain lot, de-scribed in his affidavit, was purchased by the defendant, Bream, from H. P. Thorn, and the entire amount of the purchase price was paid by Bream except $799.00 with interest from June 1, 1922, and that said Bream gave his note on said first day of June for that amount, and that said Bream at that time caused the deed to said lot to be made to one Margaret Bream, a non-resident

of this State, and a sister of said Bream, and that the deed has not been delivered to said J. Herman Bream.''

Bream did not owe this note which is the basis of plaintiff's suit, to plaintiff until it was assigned to it. If this lot transaction took place before the note was assigned to plaintiff, may it be said that this transaction was a fraudulent concealment of his property or rights of action? There is no statement in the affidavit that shows that this transaction with reference to the purchase and conveyance of this lot was not proper and innocent. It does not allege that this debt was owing to the plaintiff at the time, or that he owed anyone else, at that time.

The affidavit fails to negative the fact that defendant, Bream, was acting as the agent of his sister, when he purchased the lot in question, true he gave his note for the balance of the purchase money, but for aught the affidavit discloses this might have been an arrangement made between him and Thorn, the grantor, for the reason that the grantee was not a resident of the state, and was not present at the time to sign the note, and that Bream gave his note, knowing that before his sister could have the deed delivered to her, this balance of the purchase price must be paid by her; or he may have purchased the property with his own money, and upon his own credit with the utmost good faith, and intended to have the same conveyed to her as a gift. The facts alleged in the affidavit in reference to the purchase of the lot mentioned therein, do not necessarily show any fraudulent intent. In the opinion of the court, by Judge SNYDER, in the case of *Sandhager* v. *Hosey,* 26 W. Va. 221-224, the court holds that, ''The material facts required by the statute are the allegations which must produce in the mind of the court the conclusion that the ground for the attachment exists. This requirement is intended to protect the alleged debtor against an abuse of the attachment law. The facts stated must be capable of denial and disproof, and they must themselves show an improper, illegal or fraudulent act; and they must exclude every reasonable conclusion that the act was proper and innocent. An affidavit that the defendant

did an act, which of itself does not show a fraudulent intent, can not certainly establish such intent. It is the fraudulent intent of the defendant to withdraw his effects from the reach of the plaintiff, his creditor, ₐthat gives the right to pursue him by attachment; and consequently unless both such act and intent are deducible from the material facts stated, the affidavit is insufficient." (Citing *Delaplaine* v. *Armstrong,* 21 W. Va. 211.)

The fact that the defendant when approached by the affiant relative to the payment of the indebtedness set out in the affidavit, said that he had no property out of which the money could be made, does not strengthen the affidavit, or tend to show that the lot transaction mentioned was a fraudulent concealment of his property. This affidavit in so far as it refers to the transfer of the lot to his sister is insufficient.

The other ground for the issuance of the attachment against the property of defendant is, "That affiant is informed that the said J. Herman Bream has other rights of action and property, to-wit: notes and other property which are either in his possession or under his control, but of which affiant had no further knowledge." That the said J. Herman Bream is *attempting* to convert a material part of his property into money and other securities with intent to defraud his creditors and particularly the plaintiff." The statute referring to the grounds upon which an attachment is awarded, uses the words: "That the affiant believes that some one or more of the following grounds exist." One of which grounds is, that the defendant, "Is converting or is about to convert his property or a material part thereof into money or other securities, with intent to defraud his creditors." Barnes' Code, ch. 106, sec. 1. The expression that affiant "is informed" is not equivalent to the expression "affiant believes." The statute does not authorize the issuance of an attachment where the grounds for the same are shown to be upon information only. And the expression "attempting to convert" is not equivalent to the expression "about to convert". The material facts relied upon to support this last ground for the attachment are all stated upon information.

"The grounds of the attachment may be stated on the be-

lief of the affiant, but the material facts relied on must be stated positively. Even in stating the grounds, if the affiant states he 'thinks' instead of that he 'believes', the affidavit will be insufficient." *Rittenhouse* v. *Herman,* 7. W. Va., 380; *Delaplane* v. *Armstrong,* 24 W. Va. 214; *Liquor Company* v. *Jones,* 75 W. Va., 119; *State* v. *Keller,* 74 W. Va., 220; *Goodman* v. *Henry,* 42 W. Va., 529; *Huskins* v. *Huskins,* 22 W. Va., 645; *Somers* v. *Allen,* 44 W. Va., 120; *Teter* v. *George,* 86 W. Va., 454.

What property had the defendant attempted to convert into money and securities? Certainly not the automobile mentioned in the affidavit, for the affidavit itself states that it had been assigned to Trump. At the time the affidavit was made, doubtless this statement of facts was made to cover the ground that the defendant had assigned and disposed of his property or a material part thereof, with intent to defraud his creditors, but this ground is not stated in the affidavit either upon belief or otherwise.

"The remedy by attachment being authorized alone by the statute, and in derogation of the common law, and being, moreover, summary in its effects and liable to be used oppressively, such statute will be strictly construed; and the preliminary affidavit required by statute must contain each element thereby prescribed." *U. S. Baking Company* v. *Bachman,* 38 W. Va., 84; *Aultmeyer* v. *Caulfield,* 37 W. Va., 847.

We are forced to the conclusion for the reasons herein stated and authorities cited that this affidavit is fatally defective and that the motion to quash the order of attachment issued thereon should have been sustained.

Referring to the order of arrest of the defendant, Bream, and the affidavit upon which it is based, we find that sec. 30, of ch. 106 of the Code, so far as it affects the motion to quash the order is as follows: "An order for arrest of a defendant in an action or suit may be made by the court in which the action is pending or by the Judge or Clerk thereof in vacation, upon the affidavit of the plaintiff or any credible person, showing to the satisfaction of the court, or Judge or Clerk, thereof in vacation, the nature and justice of the plain-

tiff's claim, the amount which affiant believes the plaintiff is entitled to recover in the action, and the existence of some one or more of the following grounds:

1. That the defendant has removed, or is about to remove, any of his property out of the state with intent to defraud his creditors.

2. That he has converted or is about to convert his property or any part thereof into money, or other securities with like intent.

3. That he has assigned, disposed of, or removed, his property or any part thereof, or is about to do so, with like intent.

4. That he has property or rights in action which he fraudulently conceals."

Now what must this affidavit show to the satisfaction of the Court, Judge or Clerk, besides the amount and justice of plaintiff's claim? The answer is in the statute itself—the existence of the grounds, for the order of arrest. How could the Court, Judge or Clerk be satisfied that some one of these grounds actually existed unless the affidavit contained some fact other than the bare statement of the statutory grounds?

This affidavit states, "That affiant believes the defendant, J. Herman Bream, has property and rights of action which he fraudulently conceals, and that he has assigned, disposed of, and removed, a part of his property with intent to defraud his creditors, and particularly the plaintiff." There has been no case decided in this court which bears directly upon the requirements of an affidavit supporting an order of arrest. *Ogg* v. *Murdock,* 25 W. Va., 139 was a case where Ogg sued Murdock for trespass for false arrest, on the ground of the irregularity of the affidavit upon which the order of arrest was based, and the question of probable cause for the arrest arose, and was decided. The material contents of the affidavit are shown, and the court found that it was not regular or in legal form, and the court said: "If the facts and grounds really existed on which the statute authorizes the arrest, the party who causes the order to issue and arrest made, can not be made liable in action of trespass merely because he has not pursued the form prescribed by the statute." Upon the trial of the case it was shown that one

of the statutory grounds actually existed. The defendant-in-error relies upon this case, where the court, speaking through Judge SNYDER said: "Admitting in this instance that Murdock was not entitled to the order under the sixth ground, it is clear from the testimony that he was entitled to such order under the fourth ground, and that was all the statute required." The fourth ground, as referred to by the court was, "that the defendant has property or rights in action which he fraudulently conceals." It will be seen that the court in this case was passing upon the existence of the grounds from the testimony in the case. The court had the facts before it, sufficient to satisfy it of the existence of the fourth ground, and was not passing upon the sufficiency of the affidavit. The affidavit did not mention the fourth ground or any other statutory ground for the order of arrest. This case gives but little light on the questions before us in this case. In the cases of *State* v. *Keller*, 74 W. Va., 217, and *Keller* v. *Pugh and Beaver Grocery Co.*, 74 W. Va., 22 no affidavit was filed in either case. These cases and the case of *Ogg* v. *Murdock*, cited above, are the only cases upon which the affidavit supporting an order of arrest has been before this court, and we have been unable to find any case where the question of the sufficiency of the affidavit has been directly brought before this court on a motion to quash the order. We must therefore look to the decisions of other courts having similar statutes.

The Supreme Court of the State of Michigan, which state has a similar statute, in the case of *People ex rel Hacket* v. *Judge of Wayne Circuit*, 36 Mich. 334, it is held that: "An affidavit for *capias* should set forth in detail the facts and circumstances and not mere conclusions upon information and belief so that when presented to an officer to fix bail, he can exercise some judgment based upon the facts and not the conclusion merely of the affiant." *Preston* v. *Prat*, 17 Mich. 473; *Enders* v. *People*, 20 Mich. 283; *Stuart* v. *Kimball*, 43 Mich. 451; *Sharidan et al* v. *Briggs*, 53 Mich. 569.

Our statute says, and this court has repeatedly held, that in order to support an attachment against the property of a defendant there must be a statement of facts in the affidavit

necessary to convince the court of the existence of the grounds
of attachment.  Is it believable that the legislature and the
courts are less jealous of the liberties of the citizen than they
are of his property?  However inconsiderable the value of
the citizen's property may be, the law requires that before it
can be attached and held for his debts, an affidavit must be
made not only setting up the grounds for the attachment
upon the affiant's belief, but also a positive statement of
facts, showing the existence of the grounds.  We hold that
sec. 30 of ch. 106 of the Code contemplates an affidavit show-
ing facts which are necessary to show to the satisfaction of
the Court, Judge or Clerk, that some one of the grounds
mentioned actually exists, and that the mere statement of
the statutory grounds upon the belief of the affiant, "that
the defendant has property and rights in action which he
fraudulently conceals, and that he has assigned, disposed of,
and removed a part of his property with intent to defraud
his creditors and particularly the plaintiff," is not sufficient
to support an order of arrest.  Where an affidavit is the basis
of the jurisdiction of the court, the statute in such cases
should be strictly construed and fully complied with, and the
affidavit should state facts which will satisfy the court of its
jurisdiction; if it does not the court has no jurisdiction.
*State* v. *Young,* 117 S. E., 688.  In that case, the court dis-
cussing Sec. 11, ch. 124 of the Code, referring to the issuance
of an order of publication, says (Syl. pt. 3) :

"An affidavit for an order of publication based on the
second ground, namely, that diligence has been used by or
on behalf of, the plaintiff, to ascertain in which county the
defendant is, without effect, should set out the facts tending
to show the exercise of diligence by, or on behalf of, the
plaintiff, so that the court can determine whether this re-
quired diligence has been exercised."

It is contended by counsel for plaintiff that the bill should
be made a part of the record to aid in determining the cor-
rectness of the Circuit Court's action.  We do not think that
the bill should be considered upon this motion to quash
either the order of attachment or the order of arrest, for the
affidavit, in each case, is the basis of the jurisdiction of the

court. "No lawful attachment can issue in the absence of the affidavit, nor can jurisdiction be acquired without it. And the attachment and order of arrest must stand or fall on the sufficiency, or insufficiency, of the affidavit alone.

In the case of *Miller* v. *Whittington,* 77 W. Va., 142, the court, by Judge POFFENBARGER, says in the opinion:

"The attachment stands on the affidavit, not the bill or declaration, and that must state facts which, if true, constitute a cause of action," citing *Bank* v. *Loeb,* 71 W. Va. 494; *Distilling Co.* v. *Himmel,* 74 W. Va., 756; *Eplin* v. *Blessing,* 73 W. Va., 283; *Crim* v. *Harmon,* 36 W. Va., 596.

For reasons stated, the order overruling the motion to quash the order of attachment issued against the property of the defendant, J. Herman Bream, and the order for his arrest, is reversed, the said orders quashed and the cause remanded.

*Reversed and remanded.*