# CHARLESTON.

COMMERCIAL CREDIT COMPANY *v.* E. L. COLLIER

(No. 6219)

Submitted October 23, 1928.  Decided October 30, 1928.

*Samuel Solins,* for appellant.
*Joseph M. Crockett* and *Charles A. Tutwiler,* for appellee.

WOODS, JUDGE:

Plaintiff complains of the action of the circuit court of McDowell county in quashing an order of attachment.

The affidavit and supplemental affidavit seek an attachment of enough of the personal estate of the defendant to satisfy

a claim of $1,500.00, set up in an action of assumpsit, and allege that defendant is "justly indebted" to plaintiff in said amount. The right to the attachment is based on the eighth ground set out in section 1, Chapter 106, Code, which provides that the same may be issued where the defendant has "fraudulently contracted the debt or incurred the liability for which the action or suit is about to be or is brought." The affidavits state in substance that defendant, an automobile dealer, became obligated to the plaintiff by virtue of loans made on a certain car or cars, said loans being evidenced by trust certificates, and after becoming so obligated that defendant later failed to comply with the conditions thereof, in this: That he sold a certain car and did not apply the proceeds in satisfaction of the said certificates; and also that he sold another part of his business to his brother. These allegations in themselves are not proof of the fraudulent intent alleged. Under our authorities, to establish such intent, declarations or acts must be set out which disclose it. *Roberts* v. *Burns*, 48 W. Va. 92; *Goodman* v. *Henry*, 42 W. Va. 527; *Hale* v. *Donahue*, 25 W. Va. 414; *Delaplain* v. *Armstrong*, 21 W. Va. 215. "The material facts required to be stated in the affidavit by section 1, Chapter 106, of the Code, are the evidence to prove the grounds of attachment. They must, regarded as evidence, be sufficient to prove the proposition asserted as a ground of attachment." *Goodman* v. *Henry*, *supra*. The allegations of fact in the affidavits amount merely to an averment that the defendant has not paid the plaintiff as he promised to do, and are certainly not of the character which authorizes an attachment. *Delaplain* v. *Armstrong*, *supra*. There is nothing to intimate that the defendant entered into business relations with the plaintiff with an intent to defraud.

The point that the affidavits failed to allege that the plaintiff is "justly entitled to recover" at least a certain sum in money is well taken. The words used in the statute have a certain well defined meaning. *Reed* v. *McCloud*, 38 W. Va. 701. We do not think that the words "justly indebted", as used in the affidavits, satisfy the requirement of the statute. Likewise the nature of the plaintiff's claim should be clearly stated. Attachment proceedings being a harsh remedy, strict

·construction has always been applied, and our decisions hold that the same strictness required in the declarations or bill should be demanded of plaintiff in stating the nature of his ·claim in his affidavit for attachment. *National Bank* v. *Baker,* 83 W. Va. 429; *Home Distilling Company* v. *Himmel,* 74 W. Va. 756; *Sommers* v. *Allen,* 44 W. Va. 120; *Bank* v. *Loeb,* 71 W. Va. 494; *Eplin* v. *Blessing,* 73 W. Va. 283.

The affidavits being insufficient in the foregoing particulars, the attachment was properly quashed. The decree of the trial court is therefore affirmed.

*Affirmed.*